1. **Municipal Corporations:** LICENSE TO PEDDLERS: WHEN VOID. Under a city ordinance which provides that certain dealers, or peddlers, who do not reside in, or sell goods manufactured in the county in which the city is situated, shall pay a license, the money exacted therefor is to be regarded as a tax upon the goods they sell, and the discrimination against persons not residents of the county, and against goods not manufactured in the county, is a regulation of commerce not within the power of the States to enforce.

*Appeal from Marshall District Court.*

FRIDAY, APRIL 21.

UPON an information filed in the mayor's court in the city of Marshalltown, defendant was fined for peddling goods within the city, without a license, as prescribed by the city ordinance. Upon an appeal to the District Court a trial was had without a jury, and judgment was rendered against defendant, from which he appeals to this court.

*Louis J. Blum,* for appellant.

*B. S. Burritt,* for appellee.

BECK, J.—I. Three cases, bearing the same title, all appealed from the Marshall District Court, and involving the same facts and questions of law, are submitted for our decision together. This opinion will be applicable to each case and like judgments will be entered in all.

1. MUNICIPAL corporations: license to peddlers: when void.

An ordinance of the city of Marshalltown, concerning licenses, contains the following provisions:

"Section 29. Any person, except as provided in the foregoing sections, whose business it is to sell at retail any goods, wares, or merchandise, along, or upon the public streets or grounds, or from house to house within the city,

shall pay not less than one, nor more than twenty-five dollars for a fixed time, in the discretion of the mayor, provided that no person shall sell from, or keep any stand upon any street, alley, or sidewalk, without the consent of the owner or occupant of the premises adjoining and nearest to said stand; and said occupant must also have a permit from the mayor. This section shall not be construed so as to require license of persons selling agricultural or horticultural products; nor of persons in their employ, nor to any person selling by sample at wholesale; neither shall it apply to any sale under a process of law, nor to persons retailing their own productions, or of their own manufacture, *if they reside in, and the goods are manufactured in Marshall county.*"

The defendant failing to take out license under this ordinance was fined in each of the three cases. Upon these appeals, he insists, among other objections to the judgment, that the ordinance of the city, under which he was prosecuted, is in conflict with Art. 7, Sec. 8, of the Constitution of the United States, which bestows upon Congress power to regulate commerce between the States.

The defendant was a resident of the State of Illinois, and the goods which he sold were not manufactured in Marshall county.

II. The provision of the ordinance in question, exempting from its operation residents of Marshall county selling goods manufactured in that county, in effect, is almost identical with a statute of the State of Missouri considered in *Welton v. The State of Missouri*, 91 U. S., 275, which provides that whoever deals in goods, merchandise, etc., which are not the "growth, produce, or manufacture" of the State, by going from place to place as a peddler, is subject to a fine for dealing without license, which, it is prescribed, shall be issued upon payment of a sum fixed by the statute. Persons selling articles which are the "growth, produce, or manufacture" of the State, are not required to take out licenses. The Supreme Court of the United States, in the case named, held

that the statute was a regulation of commerce and an encroachment upon the power conferred by the Constitution upon Congress, and, therefore, void. It is needless to recite the arguments and reasoning upon which the decision is based. It is to be regarded as an authoritive exposition of the Constitution of the United States which must be followed by this court.

It appears to us that the ordinance of the city in question is even more objectionable than the Missouri statute, for the reason that the restriction upon trade prescribed by the ordinance, has respect, not only to the place of production of the merchandise, but also the place of residence of the peddler. The case just cited, in our opinion, is decisive of the question before us, and requires us to reverse the judgments of the court below.

III. But, it is said, that the decision of the United States Supreme Court is based upon the fact that the law of Missouri imposes a tax, and that in the case before us, the ordinance provides for licenses, which are necessary in enforcing mere police regulations. In the opinion of that court, it is true, the expression *license tax* is used in referring to the restriction upon commerce created by the Missouri statute. The same term would describe the restriction under the ordinance in question. It does not appear that the object of the Missouri statute is to provide for taxation, or that it has a purpose at all different from the ordinance in question. Each provides for licences upon the payments to be made by the peddlers.

The money exacted for the licenses from the peddlers is to be regarded as a tax upon the goods they sell, and the discrimination against persons not residents of the county, and against goods not manufactured in the county, is a regulation of commerce, not within the power of the States to enforce. This is the doctrine of the United States Supreme Court which we are bound to follow. The judgment of the District Court in each case must be

REVERSED.