THE TOWN OF PACIFIC JUNCTION v. DYER.

1. **Cities and Towns:** ORDINANCE LICENSING TRANSIENT MERCHANTS: UNCONSTITUTIONAL. An ordinance of the plaintiff town, requiring transient merchants doing business within the town to pay a license,— the object being to discriminate in favor of resident merchants and against all others, is in conflict with article 1, section 8, of the constitution of the United States, which bestows upon congress the power to regulate commerce between the states; and with article 1, section 6, of the constitution of Iowa, which provides that laws of a general nature shall have a uniform operation. See *City of Marshalltown v. Blum*, 58 Iowa, 184.

*Appeal from Mills District Court.*

SATURDAY, JUNE 7.

ACTION upon an information charging the defendant with a violation of an ordinance passed by the town council of the plaintiff town. The defendant demurred to the information, and the demurrer was sustained, and judgment was rendered against plaintiff for costs. The plaintiff appeals.

*F. W. Miller* and *J. H. Keatley*, for appellant.

*E. B. Woodruff* and *P. P. Kelley*, for appellee.

ADAMS, J.—The information charged the defendant with selling goods as a transient merchant, within the limits of the town of Pacific Junction, without a license. For the purpose of showing that a license was necessary, the information set out an ordinance, which provides that transient mer-

chants shall pay a license of $25 per month, or $200 per year; and it defines transient merchants to be "every non-resident person who shall sell, exchange, or dispose of any goods, wares or merchandise of his own, or of other non-resident owners."

The object of the ordinance appears to be to discriminate in favor of resident merchants of Pacific Junction, and against all others. In our opinion it is unconstitutional. A law of Iowa discriminating against non-resident merchants of Iowa would be in conflict with Art. 1, Sec. 8, of the constitution of the United States, which bestows upon congress the power to regulate commerce between the states. A law of Iowa discriminating in favor of resident merchants of Pacific Junction, and against other resident merchants of Iowa, would be in conflict with Art. 1, Sec. 6, of the constitution of Iowa, which provides that laws of a general nature shall have a uniform operation. The town council of Pacific Junction derives its power from the legislature of the state, and cannot do what the legislature could not do. The case at bar falls substantially under *The City of Marshalltown v. Blum*, 58 Iowa, 184. We think that the demurrer was rightly sustained.

AFFIRMED.