RALPH E. THOMPSON, PROSECUTOR, v. THE OCEAN GROVE CAMP MEETING ASSOCIATION OF THE METHODIST EPISCOPAL CHURCH.

So much of an ordinance of Ocean Grove, in restraint of trade, as discriminates against non-residents in favor of residents—*Held* unreasonable and void, under the authority of *Morgan* v. *Orange,* 21 *Vroom* 389.

On *certiorari.*

Argued at February Term, 1893, before Justices DEPUE, LIPPINCOTT and ABBETT.

For the prosecutor, *Samuel A. Patterson* and *Henry G. Clayton.*

The opinion of the court was delivered by

ABBETT, J.   This is a *certiorari* to remove an ordinance passed by the trustees of the Ocean Grove Camp Meeting Association of the Methodist Episcopal Church, entitled "An ordinance concerning hacks, carriages, stages, baggage wagons and other vehicles, and other hucksters and peddlers, and the regulation of the same," approved March 11th, 1887.   This ordinance contained the following provisions :

"For persons soliciting orders for the sale of merchandise or provisions,   *   *   *   for each wagon and other vehicle employed in carrying, transporting or peddling merchandise or provisions as follows:   *   *   *   by merchants not herein otherwise designated, twenty-five dollars;   *   *   *   for persons soliciting orders for the sale of merchandise or provisions,

twenty-five dollars. *Provided, however,* that no license shall be required from persons selling or exposing for sale only produce of their own growing, and that this ordinance shall not apply to the transportation of their own goods or merchandise by persons engaged in business within the premises of said association who have a permit from said association to carry on the same."

The permit referred to in this ordinance is granted by the executive committee of the association upon the application of the parties desiring to do business in Ocean Grove. The president or secretary of the association notifies the parties, either verbally or in writing, that their application had been granted and they are charged for the permit according to what they do. The charge for permits is not fixed by ordinance; persons doing business within the limits of the corporation are not compelled to pay a license fee for the transportation of their own goods or merchandise. Where persons own their buildings and transact business within the corporate limits, they pay for a business permit, which includes the ground rent, and that carries with it a business permit. Where the association owns the building it charges a ground rent, and that carries with it a business permit; that amount is fixed by the executive committee in each case. The secretary testifies that the payment of $25 license fee mentioned in the ordinance referred to, for the transportation of merchandise and provisions, applies only to persons who do business outside of the corporate limits of the association.

The prosecutor is engaged in the retail grocery business in Asbury Park, about two hundred yards from Ocean Grove; he has customers in Ocean Grove, and has been in the habit of delivering goods in Ocean Grove during the summer season and used a wagon for that purpose; he was in the habit of delivering merchandise and provisions and anything in his line as a retail groceryman. In July, 1892, he was prevented from delivering goods in Ocean Grove; he was stopped by one of its police officers; he sent his wagon there to deliver goods for Charles Giberson, and had provisions in the wagon.

Again, in August, he was prevented from carrying and transporting merchandise to Ocean Grove in his wagon; the goods had been purchased in his store in Asbury Park; he does not go and hunt up trade in Ocean Grove, but takes orders there through his agent at that place; he has not taken orders there in person, except those who have asked him to stop at their houses, and that was the extent of his soliciting orders. He notified the secretary of the association that he had been stopped by the police force, and was told that it was right—that he should be stopped.

I find that this ordinance makes an illegal discrimination against non-residents of Ocean Grove, in favor of residents of that place, in restraint of trade, and is contrary to the well-settled law as laid down in the case of *Morgan* v. *Orange*, 21 *Vroom* 389.

So much of this ordinance as discriminates in favor of a resident as against a non-resident must be set aside as illegal and void. Costs will be allowed the prosecutor.