Commonwealth of Pennsylvania *v.* Simon Snyder, Appellant.

[Marked to be reported.]

*Constitutional law—Hawkers and peddlers—Act of March* 12, 1869.

The local Act of March 12, 1869, P. L. 341, imposing a heavy license fee upon peddlers in Perry county, but providing that the act shall not apply " to peddlers dealing exclusively with the merchants of said county, nor to merchants residing and having a regular place of business therein, nor to the sale by citizens of the said county of products of their own growth and manufacture," violates article 4, section 2, clause 1, of the constitution of the United states, which provides that " the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

Argued May 24, 1897. Appeal, No. 98, Jan. T., 1894, by defendant, from judgment of Q. S. Perry Co., Aug. T., 1893, No. 14, on indictment for peddling without a license. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ. Reversed.

Indictment for peddling without a license.

At the trial the defendant presented the following point:

The court is respectfully requested to charge the jury that, under the facts proved by the commonwealth and the law, the defendant cannot be convicted for the following reason:

Because the act of 1869 is in regulation of trade, not a police regulation, and under the utterance of the Supreme Court in Sayre Borough v. Phillips, 148 Pa. 482, is unconstitutional and void. *Answer:* This point is refused. The act of 1869 is in pari materia with the act of April 16, 1840, and other general laws of this commonwealth regulating peddling and limiting it to certain classes of persons, which we believe is within the police regulation of the state, and the act is not unconstitutional.

Verdict of guilty, upon which sentence was passed. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*W. H. Sponsler*, for appellant, cited on the constitutional question: Sayre Borough v. Phillips, 148 Pa. 482; Shamokin v. Flannigan, 156 Pa. 43; Commonwealth v. Harmel, 166 Pa. 89; Cohen v. Plymouth, 7 Kulp, 101; West Pittston v. Dymond, 8 Kulp, 12.

*James W. Shull*, with him *Wm. H. Kell*, district attorney, and *Charles A. Barnett*, for appellee, cited: Warren Borough v. Geer, 117 Pa. 207; Com. v. Gardner, 133 Pa. 290; Com v. Brinton, 132 Pa. 69; Sharpless v. Mayor of Phila., 21 Pa. 164.

OPINION BY MR. JUSTICE WILLIAMS, October 11, 1897:

This is an appeal by the defendant from a conviction and sentence in the quarter sessions of Perry county for the offense of peddling within the limits of that county in violation of the act of March 12, 1869. The defendant does not deny the acts

of selling charged against him, nor that such acts are forbidden by the statute under which these proceedings were begun, but rests his defense upon the position that such prohibition, as applicable to him, is unconstitutional and void. The record raises but one question, viz: the validity of the act of 1869. It is to be noticed in the first place that it is a local law, applicable only to Perry county. It was approved several years before the present constitution forbidding such legislation was adopted, and cannot therefore be disposed of on this ground alone. We must consider its provisions and determine from them whether it was a valid exercise of the police power, or a mere local regulation of trade intended to discriminate in favor of dealers resident within the county. Section first contains a general prohibition against peddling in Perry county, notwithstanding the fact that the peddler may have complied with all the laws applicable to his business in the commonwealth generally, unless he shall have obtained the local license provided for by the act. This for one who goes on foot is $30.00, and for one who uses a horse or a boat is $50.00, together with a fee of $2.00 to the county treasurer for issuing the license. Section second imposes an additional license of $10.00 for the privilege of selling at auction, and an additional fee of $2.00 to the treasurer. So far the prohibition seems to be general, and to be applicable to residents as well as nonresidents of the county. There is a proviso however added to the second section which exempts three classes of persons from the operation of the act. The first class is composed of peddlers who sell only to the merchants of the county, and not to their customers. The second class takes in the merchants themselves. They may peddle from house to house, or sell at auction, without lifting the burden put upon others by the act. The third class comprehends all the citizens of the county who may wish to peddle the "products of their own growth or manufacture." One living just over the line of the county is excluded from selling his own products, except upon the burdensome terms imposed by the act. A merchant whose store is on the outside of the same line is excluded from the privilege of peddling in the county. A licensed peddler having a license under the general law must take care not to sell to a farmer, a mechanic, or a professional man, or he will become a criminal. He must deal only with the merchant, and

never with his possible customers. This is not a police regulation. It is not intended to protect the people against fraud from traveling vendors of merchandise, but to protect the merchants and residents of Perry county against competition from those who live in any other portion of the known world. It proceeds upon the theory that Perry county merchants have a right to supply the residents of the county with all their goods, and that the law should protect this right, and punish its infraction. It is suggested that this was intended to equalize the burdens put upon dealers in goods. This is not apparent in the title of the bill, or in its provisions. Merchants in Perry, pay no doubt, for a mercantile license. So must peddlers pay a license fixed by general laws. What this bill undertakes to do is to impose an additional license and license fees on all persons who would peddle in Perry county unless their sales are confined exclusively to merchants. This does not put them on a common footing with other dealers, but it imposes an additional burden upon them which, added to those imposed by the general law, make a total several times as large as the average mercantile license imposed upon resident merchants; and the purpose of this is apparent. It is to secure to residents a practical monopoly of the trade of the county. It may be possible that under the constitution of Pennsylvania such a law could be enforced. We have no need to consider that subject. It is so evidently a violation of the constitution of the United States that it is unnecessary to consider any other question. It is a denial to citizens resident outside of Perry county of equal rights in business with those who live within the county, on the sole ground of their residence. It is a trade regulation for the protection of the merchants of that county against competition from all who live beyond the county lines. It is a barrier built by the state of Pennsylvania about a single county to exclude therefrom the citizens of the rest of the commonwealth, and the rest of the United States, for the benefits of merchants living within the enclosure. This cannot be done : Welton v. Missouri, 91 U. S. 275; Sayre Borough v. Phillips, 148 Pa. 482. It is unnecessary to enlarge upon this question. It is enough to state the well-settled rule and apply it to the statute under consideration.

The judgment appealed from is reversed and a venire facias de novo awarded.