## STATE EX REL. A. A. GREENWOOD v. WILLIAM NOLAN.[1]

June 15, July 9, 1909.

Nos. 16,259—(213).

**Ordinance Regulating Peddlers Unconstitutional.**

> An ordinance of the city of Hastings, enacted for the regulation and control of hawkers and peddlers within the city, which discriminates between resident and nonresident citizens, expressly excluding from its operation bona fide residents of the city, contravenes both state and federal constitutions, in that it denies to the nonresident citizen the equal protection of the law and deprives him of a privilege and immunity enjoyed by the resident citizen.

Petition by A. A. Greenwood to the Honorable W. C. Williston, one of the judges of the district court for the First judicial district, for a writ of habeas corpus directed to William Nolan, chief of police of the city of Hastings, that the court may determine the lawfulness of the arrest and detention of petitioner for the violation of a certain

[1] Reported in 122 N. W. 255.

ordinance of that city. The writ was issued out of the district court for Goodhue county. The court, Williston, J., remanded the petitioner to the custody of the chief of police. The return to this court is by the clerk of the district court for Dakota county. Relator discharged.

*George C. Sudheimer,* for relator.

*George T. Simpson,* Attorney General, and *George W. Peterson,* Assistant Attorney General, for the State.

On June 15, 1909, the following order was filed:

Per CURIAM.

The court having, after due consideration, reached the conclusion that the ordinance of the city of Hastings prohibiting peddling therein by nonresident citizens, and under which relator was convicted and is now restrained of his liberty, is unconstitutional and void, it is ordered that the order of the court below discharging the writ of habeas corpus herein be and it is hereby reversed, and relator discharged from custody. An opinion stating reasons for the conclusion will be filed within due time.

The following opinion was filed on July 9, 1909:

BROWN, J.

Relator was prosecuted and convicted before the police justice of the city of Hastings of peddling therein contrary to the ordinances of the city, and sentenced to pay a fine of $15 and costs or stand committed to the city jail for a term not exceeding fifteen days. Upon his refusal to pay the fine, he was committed to the custody of respondent, as keeper of said jail. He thereafter sued out a writ of habeas corpus for his release, which, after consideration by the court below, was in all things discharged, and relator remanded to prison. He then appealed to this court.

The motion of the attorney general to dismiss the appeal is not passed upon, for the reason that we are unable from the confused record to determine with certainty that his point is well taken. The point is that the appeal purports to be from an order in habeas corpus proceedings in the district court of Dakota county, whereas the only such proceeding disclosed by the record was the one pending in the

district court of Goodhue county. As suggested, we are unable, from the confusion of papers contained in the record, to determine this question, and we pass it without further remark.

The record discloses that relator was convicted under an ordinance of the city of Hastings, entitled "An ordinance to license and regulate the sale of merchandise and other personal property, by itinerant merchants and transient vendors," the first two sections of which are as follows:

"Section 1. The words 'itinerant merchants and transient vendors' shall within the meaning of this ordinance include persons not being actual and bona fide residents of the city of Hastings, who sell, or offer to sell, or contract, solicit or take orders for the sale by sample or otherwise, for immediate or future delivery of merchandise or other personal property to consumers. Provided that this ordinance shall not apply to vendors of farm and garden produce, nor to persons soliciting orders from or selling at wholesale to merchants or dealers.

"Sec. 2. It shall be unlawful for itinerant merchants or transient vendors as defined in section 1 of this ordinance to sell or offer for sale, or contract, solicit or take orders for the sale by sample or otherwise for immediate or future delivery of merchandise or other personal property to consumers, within the limits of the city of Hastings, without first having obtained a license so to do."

These sections are followed by appropriate provisions for the issuance of licenses and imposing penalties for the violation of section 2.

It is the contention of the relator that the ordinance violates both the state and federal constitutions, in that it denies to him and others in his situation the equal protection of the law, and is therefore void, and his conviction and imprisonment thereunder consequently unlawful. Section 2 of article 1 of the state constitution declares, among other things, that no member of this state shall be deprived of any of the rights or privileges secured to any of the citizens thereof. Section 2 of article 4 of the constitution of the United States provides that the citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states. The fourteenth amendment declares that no state shall make or enforce any law which shall abridge the privileges of citizens of the United States,

nor deny to any person within its jurisdiction the equal protection of the law.

That the ordinance under consideration contravenes all these guaranties is quite clear. There can be no controversy respecting the power of the state, or of any of its municipal subdivisions upon which the authority is conferred by legislation, to enact and enforce laws regulating and controlling the business of hawking and peddling; but such laws must be general, and apply uniformly to all citizens, irrespective of residence. They must conform to state and federal constitutions, and not be based upon class distinctions, or deny to any citizen the equal protection of the law. This is elementary, and requires no reference to authorities. But this ordinance does not meet the requirements. It expressly exempts from its operation residents of the city of Hastings, and applies only to those who reside outside of its corporate limits. This is a discrimination between citizens of the state and the United States, and not warranted.

Similar ordinances and statutes embodying substantially the same restrictive operation have come before the courts in numerous instances and have almost without exception been declared unconstitutional and void. State v. Wagener, 69 Minn. 206, 72 N. W. 67, 38 L. R. A. 677, 65 Am. St. 565; Brownback v. Burgess, 194 Pa. St. 609, 45 Atl. 660, 49 L. R. A. 446; Com. v. Hana, 195 Mass. 262, 81 N. E. 149, 11 L. R. A. (N. S.) 799, 122 Am. St. 251, 11 Am. & Eng. An. Cas. 514; State v. Whitcom, 122 Wis. 110, 99 N. W. 468; Graffty v. City, 107 Ind. 502, 8 N. E. 609, 57 Am. 128; Morgan v. City, 50 N. J. L. 389, 13 Atl. 240; Beckett v. Mayor, 118 Ga. 58, 44 S. E. 819; Com. v. Snyder, 182 Pa. St. 630, 38 Atl. 356; City v. Blum, 58 Iowa, 184, 12 N. W. 266, 43 Am. 116; In re Camp, 38 Wash. 393, 80 Pac. 547. The Wagener case, supra, would seem to settle the question, so far as this state is concerned, in harmony with the uniform trend of decisions elsewhere. Though that case did not involve a discrimination between resident and nonresident citizens, the principle controlling the decision applies equally to the case at bar. We follow and apply it. The question is so clearly settled by that and the other authorities cited that we deem it wholly unnecessary, a work of supererogation, to extend this opinion by a further discussion of the subject.

The ordinance, in so far as a discrimination between resident and nonresident citizens, is unconstitutional and void, and relator's conviction and imprisonment thereunder unlawful, and he is discharged.