Argued July 13, affirmed July 27, 1915.

# IDEAL TEA CO. *v.* SALEM.

(150 Pac. 852.)

**Injunction—Restraining Criminal Prosecutions Under Void Legislation—Grounds.**

1. Where prosecution under a void regulation relating to a misdemeanor is threatened, and the attempted enforcement of the regulation will deprive plaintiff of a valuable property right, he may sue to enjoin the prosecution.

[As to injunctions against crimes and criminal prosecutions, see note in 35 Am. St. Rep. 670.]

**Hawkers and Peddlers—"Peddler"—Who is.**

2. One who, by displaying samples, solicits orders for the sale of goods for future delivery, is not, as a general rule, a "peddler."

**Statutes—Construction—Meaning of Words.**

3. The legislature may adopt reasonable modifications of former definitions of words, so as to make their interpretation conform to modern usage.

**Constitutional Law—Privileges and Immunities.**

4. Article I, Section 20, of the Constitution, forbidding laws granting to any citizen, or class, privileges or immunities which on the same terms shall not equally belong to all citizens, restricts the legislature, and is a limitation on the common council of a city, and prevents any discrimination against nonresidents of a city in occupation or license taxes.

**Licenses—Peddlers—Police Power.**

5. An ordinance imposing a license on peddlers having no regular place of business in the city, but who solicit therein orders for the sale and future delivery of tea, coffee, spices, etc., cannot be sustained as an exercise of the police power.

> [As to constitutionality of license taxes on drummers, see note in 59 Am. Rep. 267.]

**Constitutional Law—Licenses—Privileges and Immunities—"Peddler."**

6. An ordinance of a city which imposes on peddlers a license, which defines a "peddler" as a person who, for himself or as the agent of another, goes from house to house selling or offering to sell for future delivery by sample, and which declares that the provisions shall not apply to any merchant or dealer having a regular place of business in the city in taking or soliciting orders for the sale and delivery of his merchandise, conflicts with Article I, Section 20, of the Constitution, prohibiting laws granting to any citizen or class of citizens privileges or immunities which on the same terms shall not equally belong to all citizens; for it imposes a license on nonresident solicitors, but permits merchants of the city to have their employees visit the houses of their customers and take orders for goods without a license.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.     Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by the Ideal Tea Company, a corporation, and C. F. Henshaw against the City of Salem and others, to enjoin the enforcement of a municipal ordinance. The material averments of the complaint are to the effect: That pursuant to subdivision 7 of Section 6 of the charter of the City of Salem, empowering its mayor and aldermen "to license, tax and regulate * * peddlers, sample peddlers * * " (Laws

Or. 1899, p. 921), the common council on November 6, 1911, attempted to enact Ordinance No. 1009, Section 13 of which, as far as important herein, reads:

"Peddlers passing from place to place in the City of Salem, Oregon, on foot and not crying their wares, shall pay a license fee of $75 for one (1) year; * * $15 for one (1) month; $5 for one (1) week and $1 for one (1) day. * * The term 'peddler' as used in this section is defined to mean * * every person who for himself or as agent of another goes from place to place or from house to house selling or offering to sell for future delivery, by sample or catalogue, at retail to individual purchasers who are not dealers in the articles sold. Provided that the provisions of this section shall not apply to any merchant, or dealer having a regular place of business in the City of Salem, Oregon, in taking or soliciting orders for the sale and delivery of his goods, wares or merchandise."

That the Ideal Tea Company is a corporation engaged in selling tea, coffee, spices, etc., having its principal office in Portland, Oregon, and conducting business outside that city by agents, and C. F. Henshaw is its representative in Salem, Oregon, where he had resided for a long time prior to May 24, 1915, but had no place of business therein. That he was engaged at Salem in taking orders for merchandise, which requests were forwarded to his principal, whereupon the goods desired were sent and delivered to the customers, but he did not carry any wares that he offered for sale. That on May 24, 1915, a verified complaint was filed in the recorder's court of Salem, charging Henshaw with peddling in that city without a license, and being apprehended he was compelled to put up cash bail. That such criminal action has not been tried, but the defendants Charles F. Elgin, city recorder, and J. T. Welch, marshal, are attempting to

prosecute the charge, and the plaintiffs have been prevented from pursuing their business in Salem, to their damage in the sum of $500. That the ordinance is void, in that it is not uniform in its application to all persons similarly situated, and violates Section 20 of Article I of the organic law of the state, notwithstanding which the defendants are threatening to enforce the provisions of the attempted enactment, to prevent which the plaintiffs have no adequate remedy at law. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of suit, was overruled; and, the defendants declining further to plead or answer, the relief prayed for in the complaint was granted, and they appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. William H. Trindle,* City Attorney.

For respondents there was a brief and an oral argument by *Mr. George G. Bingham.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. When, under color of void legislation relating to misdemeanors, the prosecution of an alleged offender is threatened, which attempted enactment if enforced would deprive a party of a valuable property right, a court of equity, upon proper application, will intervene, and by injunction prevent the menaced injury: *Sandys* v. *Williams,* 46 Or. 327 (80 Pac. 642) ; *Marsden* v. *Harlocker,* 48 Or. 90 (85 Pac. 328, 120 Am. St. Rep. 786) ; *Renshaw* v. *Lane County Court,* 49 Or. 526 (89 Pac. 147) ; *Hall* v. *Dunn,* 52 Or. 475 (97 Pac. 811, 25 L. R. A. (N. S.) 193) ; *Guernsey* v. *McHaley,* 52 Or. 555 (98 Pac. 158) ; *Portland Fish Co.* v. *Benson,* 56 Or.

147 (108 Pac. 122); *Wiley* v. *Reasoner,* 69 Or. 103 (138 Pac. 250); *Sherod* v. *Aitchison,* 71 Or. 446 (142 Pac. 351).

2, 3. It is almost universally held that a person who, by displaying samples, solicits orders for the sale of goods for future delivery, is not a "peddler": *Scribner* v. *Mohr,* 90 Neb. 21 (132 N. W. 734, Ann. Cas. 1912D, 1287, 1293). The legislative assembly of a state may adopt reasonable modifications of former definitions of words, so as to make their interpretation conform to modern usage: *Ex parte Case,* 70 Or. 291 (135 Pac. 881, 141 Pac. 746). Whether the common council of the City of Salem, without an express grant of authority for that purpose, which is not to be found in the organic law of the municipality, can prescribe the meaning of words different from their usual acceptation, would seem to be very doubtful, for in subdivision 5 of Section 6 of the charter authority is given "to prevent and remove nuisances, and to declare by general rules what shall constitute the same," and in subdivision 28 thereof power is conferred "to define what shall constitute vagrancy": Laws Or. 1899, pp. 924, 928. But, however this may be, it will be assumed, without deciding the question, that the interpretation of the word "peddler" as given in the ordinance was justified by the charter.

4. The clause of the fundamental law, invoked to defeat Section 13 of the ordinance assailed, reads:

"No law shall be passed granting to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens": Article I, Section 20 of the Constitution of Oregon.

This interdiction, though evidently enacted to restrict the legislative assembly, also operates as a limi-

tation upon the common council of a municipality, thereby preventing any discrimination against non-residents in occupation or license taxes: McQuillin, Mun. Ord., § 219.

5. The ordinance imposing a license upon peddlers who have no regular place of business in Salem, but who solicit therein orders for the sale and the future delivery of tea, coffee, spices, etc., should not be classed as an exercise of the police power, since it would seem that such business could not injuriously disturb the peace, molest the order, impair the health, violate the morality or annoy the society of the city: McQuillin, Mun. Ord., § 260; *People ex rel. v. Jenkins,* 202 N. Y. 53 (94 N. E. 1065, 35 L. R. A. (N. S.) 1079); *Sayre* v. *Phillips,* 148 Pa. 482, 488 (24 Atl. 76, 33 Am. St. Rep. 842, 16 L. R. A. 49). In the latter case, Mr. Justice WILLIAMS, speaking for the court, says:

"If a statute, or municipal ordinance, is in reality directed only against certain persons who are engaged in a given business, or against certain commodities, in such manner as to discriminate between the persons who are engaged in the same trade or pursuit, in aid of some at the expense of others, such statute or ordinance is not a police, but a trade regulation; and it has no right to shelter itself behind the police power of the state or the municipality."

See, however, the notes to the case of *State* v. *Bayer,* 19 L. R. A. (N. S.) 297, 301.

Judge Dillon, in his valuable work on Municipal Corporations (5 ed., Section 593), remarks:

"As it would be unreasonable and unjust to make, under the same circumstances, an act done by one person penal, and if done by another not so, ordinances which have this effect cannot be sustained."

Thus in *Graffty* v. *City of Rushville,* 107 Ind. 502, 508 (8 N. E. 609, 612, 57 Am. Rep. 128), it was held

that an ordinance requiring a peddler, who was not a resident of the city, and who proposed to sell wares and merchandise which were not grown or manufactured in the county in which the municipality was situated, to procure a license and pay a fee therefor before he could lawfully follow his calling in such city, discriminated against the citizens and products of other communities, and for that reason was void because it violated a clause of the Constitution of Indiana which provided:

"The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens": Article I, Section 23.

To the same effect, see, also, *Ex parte Frank,* 52 Cal. 606 (28 Am. Rep. 642); *City of Marshalltown* v. *Blum,* 58 Iowa, 184 (12 N. W. 266, 43 Am. Rep. 116); *Town of Pacific Junction* v. *Dyer,* 64 Iowa, 38 (19 N. W. 862); *City of Saginaw* v. *Circuit Judge,* 106 Mich. 32 (63 N. W. 985); *State ex rel.* v. *Nolan,* 108 Minn. 170 (122 N. W. 255); *State* v. *Williams,* 158 N. C. 610 (73 S. E. 1000, 40 L. R. A. (N. S.) 279); *Sayre* v. *Phillips,* 148 Pa. 482 (24 Atl. 76, 33 Am. St. Rep. 842, 16 L. R. A. 49); *Commonwealth* v. *Snyder,* 182 Pa. 630 (38 Atl. 356).

"It is true a state," says Mr. Justice BEAN in *State* v. *Wright,* 53 Or. 344, 349 (100 Pac. 296, 298, 21 L. R. A. (N. S.) 349), "may impose a tax on, or require a license from, persons engaged in certain callings or trades, without being bound to include all persons or all property that may be legitimately taxed for governmental purposes. * * But the classification must be on some reasonable basis, and the law, when enacted, must apply alike to all engaged in the business or occupation."

See the notes to this case in 21 L. R. A. (N. S.) 349. To the same effect, see *Moffitt* v. *City of Pueblo,* 55 Colo. 112 (133 Pac. 754); *Ex parte Case,* 70 Or. 291 (135 Pac. 881, 141 Pac. 746).

6. In the case at bar, the business in which the plaintiffs are engaged is identical with that of some of the merchants of Salem whose employees daily visit the houses of their customers, taking orders for groceries which are later delivered, except that the plaintiffs do not have a regular place of business in that city.  Section 13 of the ordinance in question is a clear violation of Section 20 of Article I, of the Constitution of the state, and for that reason is void.

No error was committed in overruling the demurrer. The judgment should therefore be affirmed, and it is so ordered.                                    AFFIRMED.

MR. JUSTICE EAKIN, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.