Argued December 9, 1925, writ dismissed January 5, 1926.

## STATE EX REL. CLYDE EVANS ET AL. *v.* SAM A. KOZER.

(242 Pac. 621.)

**States—State may License Operation of Motor Vehicles on Highways.**

1. The right of the state to require payment of license fees for privilege of operating motor vehicles on highways is definitely and affirmatively settled.

———

1. Automobile licenses, statutory regulation, see note in **Ann. Cas.** 1915C, 712. See, also, 2 **R. C. L.** 1176.

**Constitutional Law—Every Intendment Favors Validity of Statute Under Attack.**

2. In determining constitutionality of statute, every reasonable intendment is in favor of validity, and it should not be declared unconstitutional, unless shown to be so beyond reasonable doubt.

**Taxation—Courts will not Interfere With Classification of Object of Taxation by Legislature, Unless Clearly Unreasonable.**

3. Classification of objects of taxation is question for legislature, and courts will not interfere, unless such is clearly arbitrary and unreasonable.

**Licenses — General Purpose of State Motor Vehicle Laws Permits Classification of Vehicles According to Their Use.**

4. In view of general purpose of state motor vehicle laws, which is to impose greatest part of burden of maintaining highways upon those who most use them, it was proper to classify motor vehicles according to uses to which they were put for purpose of fixing license fees.

**Taxation—Power of Legislation to Classify Implies Right to Subclassify Object of Taxation.**

5. Power to classify objects of taxation, which is vested in legislature, implies right to subclassify, if there is reasonable basis therefor.

**Licenses—Favoring One Class Over Another in Legislation will not Make It Invalid.**

6. Although, in providing for license fees for motor vehicles, it is unconstitutional to discriminate against certain classes without reason and without relation to general purpose of motor vehicle laws, mere fact that one class is favored over another is not cause for complaint, since classification implies that very thing.

**Licenses — Classification in Motor Vehicle Law Held Reasonable, Where Carriers Exempt from Added Fees.**

7. That part of Gen. Laws of 1925, page 725, Section 1, which provides for 50 per cent additional license fee on commercial motor vehicles, except carriers, not operating exclusively within five miles of city or town, *held* not invalid as for arbitrary classification, in that it exempts carriers from additional fee.

**Licenses—Classification in Motor Vehicle Law, Setting Territorial Limits for Added Fee, Held Reasonable.**

8. That part of Gen. Laws of 1925, page 725, Section 1, which provides for 50 per cent additional license fee on commercial motor vehicles, except carriers, not operating exclusively within five miles of city or town, *held* not invalid as for arbitrary classification, in that it exempts vehicles in cities and towns and within five miles thereof.

3. See 6 R. C. L. 384.
6. See 6 R. C. L. 380.

Constitutional Law — Matters of Discretion With Legislature Held
    not Reviewable.

9.   Where purpose of legislature, in providing for license fees for
motor vehicles, was in keeping with general legislation of state in
building and maintaining roads, matters which rested within dis-
cretion of legislature were not subject to review.

Licenses—Validity of Law Concerns Application to Classes, and not
    Individuals.

10.   Law providing for additional license on certain class of
motor vehicles, if reasonable in its creation of classes, will not be
held invalid merely because it may cause disproportionate payment
of taxes to isolated individuals in such classes.

Licenses — Classification in Motor Vehicle Law Held Reasonable,
    Where Distinction Made Between Buyer and Seller.

11.   That part of Gen. Laws of 1925, page 725, Section 1, which
provides for 50 per cent additional license fee on commercial motor
vehicles, except carriers not operating exclusively within five miles
of city or town, *held* not invalid as for arbitrary classification, in
that it exempts buyers and includes sellers who operate commercial
vehicles.

Licenses — Classification in Motor Vehicle Law Held Reasonable,
    Which Exempts Vehicles Delivering Farm Produce.

12.   That part of Gen. Laws of 1925, page 725, Section 1, which
provides for 50 per cent additional license fee on commercial motor
vehicles, except carriers not operating exclusively within five miles
of city or town, *held* not invalid as for arbitrary classification, in
that it exempts vehicles selling or delivering farm produce.

---

Constitutional Law, 12 **C. J.**, p. 791, n. 19, p. 794, n. 24, p. 795,
n. 32, p. 890, n. 77, 78, p. 1129, n. 22, p. 1130, n. 24, 25, 27, 30,
p. 1131, n. 66 New.
    Licenses, 37 **C. J.**, p. 198, n. 24, p. 200, n. 30.
    Motor Vehicles, 28 **Cyc.**, p. 33, n. 73.
    Taxation, 37 **Cyc.**, p. 747, n. 78.

Original proceeding in *mandamus.*

Department 2.

WRIT DISMISSED.

For plaintiff there was a brief over the name of
*Mr. Charles R. Spackman, Jr.*, with an oral argument
by *Mr. Robert R. Rankin.*

For defendant there was a brief over the name of
*Mr. I. H. Van Winkle,* Attorney General, with an oral

argument by *Mr. Willis S. Moore,* Assistant Attorney General.

BELT J.—This is an original proceeding in *mandamus* to compel the Secretary of State to issue licenses for the operation of certain commercial motor vehicles for the year 1926. The single question involved is the constitutionality of that part of Section 25, Chapter 363, Gen. Laws of Oregon for 1925, which provides as follows:

"Motor vehicles, not common carriers under the laws of this state, and used for commercial purposes in the business of selling and/or delivering goods, wares, merchandise, materials, or any article of commerce not exclusively within the boundaries of incorporated cities or towns of the State of Oregon or within five miles beyond the boundaries of such cities or towns, and if the principal place of business of the owner or operator of such vehicle is not within the boundaries of an incorporated city or town, then within five miles of such principal place of business, shall pay, in addition to the fees now provided by law, an annual license fee equal to 50 per cent of the license fee hereinabove provided according to the light weight of such motor vehicle; provided that motor vehicles used for commercial purposes shall not be deemed to include vehicles used exclusively in delivery to market of the products of husbandry by the grower and owner thereof."

Relators made application in due form for registration of their respective automobiles, but failed to include in the tender of license fees the additional amount as required by the above statutory provision. The right of the Secretary of State to refuse to issue the licenses depends upon the validity of the act in question.

It is contended that this legislative enactment is unconstitutional because: (1) It abridges the privileges

and immunities of citizens of the United States; (2) it grants to a class of citizens privileges and immunities which upon the same terms do not equally belong to all citizens; and (3) it is not uniform in its application to all owners of commercially used cars and is discriminatory as to that class of owners of commercially used cars to which these relators belong, and that no reasonable ground exists for such classification and discrimination.

1. Petitioners do not challenge the right of the state to require the payment of license fees for the privilege of operating motor vehicles upon the highways, as such question is definitely and affirmatively settled in this jurisdiction by *Camas Stage Co., Inc.,* v. *Kozer,* 104 Or. 600 (209 Pac. 95, 25 A. L. R. 27), and numerous authorities therein cited, nor is it contended that the state may not classify the objects of its legislation; but it is ably urged that the classifications under consideration are arbitrary and unreasonable and therefore violative of both the state and federal Constitutions (Const. Or., Art. I, § 20; Const. U. S., Amend. 14, § 1), prohibiting special "privileges or immunities" and guaranteeing "equal protection of the laws." It appears in the applications for licenses that relators reside in the City of Portland and use their automobiles "for commercial purposes in the business of selling and/or delivering goods, wares, and merchandise" more than five miles beyond the boundaries of such city. They claim unfair and illegal discrimination in requiring them to pay this additional license fee for the reason the law exempts: (1) Common carriers; (2) motor vehicles used exclusively for the purposes above stated, not beyond five miles from the boundaries of the city in which the owners have their places of business; (3) "motor

vehicles used exclusively in delivery to market of the products of husbandry by the grower and owner thereof.''

2. The precise question is whether there is a reasonable basis for the classifications made in the above act. If there is, the cause of petitioners fails; if there is not, the act violates well-established constitutional principles and the writ must issue: *Tichner* v. *Portland,* 101 Or. 294, 200 Pac. 466; *Chan Sing* v. *Astoria,* 79 Or. 411 (155 Pac. 378); *Sterett & Oberle Packing Co.* v. *Portland,* 79 Or. 260 (154 Pac. 410, 415); *Ideal Tea Co.* v. *Salem,* 77 Or. 182 (150 Pac. 852, Ann. Cas. 1917D, 684); *Kellaher* v. *Portland,* 57 Or. 575 (110 Pac. 492, 112 Pac. 1076); *State* v. *Wright,* 53 Or. 344 (100 Pac. 296, 21 L. R. A. (N. S.) 349). In the consideration of this statute, we are mindful of the well-recognized rule that every reasonable intendment is in favor of its validity, and that it should not be declared unconstitutional unless satisfied that such is true beyond a reasonable doubt: *State* v. *Bailey* (Or.), 236 Pac. 1053; *State* v. *McFall,* 112 Or. 183 (229 Pac. 79); *Tichner* v. *Portland, supra.*

3. There is much discretion vested in the legislature as to classification of the objects of taxation: 6 R. C. L. 384. In classifying property for taxation, the state is declaring a public policy, and efficient government demands that it be not tied down by narrow or technical rules when undertaking to accomplish such purpose. Classification is primarily a question for the legislature, and courts will not interfere unless such is clearly arbitrary and unreasonable: *Keeney* v. *New York,* 222 U. S. 525 (56 L. Ed. 299, 32 Sup. Ct. Rep. 105, 38 L. R. A. (N. S.) 1139, see, also, Rose's U. S. Notes). As stated in *Baldwin* v. *State,* 194 Ind. 303, 141 N. E. 343:

"It is primarily for the legislature to determine the classification, and is never a judicial question unless classification under no circumstances can be viewed as reasonable. When the classification in a law is questioned, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts must be presumed."

In *Mutual Loan Co.* v. *Martell,* 222 U. S. 225 (56 L. Ed. 175, 32 Sup. Ct. Rep. 74, Ann. Cas. 1913B, 529, see, also, Rose's U. S. Notes), Mr. Justice Mc-KENNA said:

"We have declared so often the wide range of discretion which the legislature possesses in classifying the objects of its legislation that we may be excused from a citation of the cases. We shall only repeat that the classification need not be scientific nor logically appropriate, and if not palpably arbitrary and is uniform within the class, it is within such discretion."

Also see 6 R. C. L. 380, and numerous cases there cited. Many times this court has cited with approval the clear and accurate statement of the rule as announced by Mr. Justice WOLVERTON in *Ladd* v. *Holmes,* 40 Or. 167 (66 Pac. 714, 91 Am. St. Rep. 457), who, speaking for the court, said:

"The greater difficulty centers about the classification. It may not be arbitrary, and requires something more than a mere designation by such characteristics as will serve to classify. The mark of distinction must be something of substance, some attendant or inherent peculiarity calling for legislation suggested by natural reason of different character to subserve the rightful demands of governmental needs. So that, when objects and places become the subject of legislative action, and it is sought to include some and exclude others, the inquiry should be whether the distinctive characteristics upon which it is proposed to found different treatment are such as in the nature

of things will denote in some reasonable degree a practical and real basis for discrimination."

4. In determining whether the classifications in question are reasonable, it is important to give due consideration to the general purpose and spirit of the Oregon motor vehicle laws. It is apparent, even from a casual reading of the same, that the legislature intended to impose upon those who most use the public highways of this state the greatest part of the burden of repairing and maintaining them. This policy, as a matter of abstract justice, is unquestionably sound. It requires the person who causes the most wear and tear on our highways, which are maintained at great expense, to assume a just part of this public burden.

5, 6. In keeping with this policy, the legislature with good reason might well classify commercial vehicles. Is it not reasonable that certain kinds of commercial vehicles will cause more damage to our highways than others? If such be true, should not the owners thereof pay more for the privileges thus accorded them? It should require no citation of authorities to support the proposition that the different uses to which motor vehicles are put justifies classification. Furthermore, this power of classification, which is vested in the legislature, implies the right to subclassify, if there is a reasonable basis therefor: Cooley on Taxation (4 ed.), § 365. It is unconstitutional to discriminate against certain classes without reason and without relation to the general purpose of our motor vehicle laws, but the mere fact that one class is favored over another is not cause for complaint. Classification implies that very thing. The rule is thus tersely stated in Huddy on Automobiles (7 ed.), Section 109, citing numerous cases supporting the text, among which is *Kellaher* v. *Portland, supra:*

"Legislation affecting merely one class, so long as those in the same class are affected alike, is not objectionable, if the classification is founded upon a reasonable basis."

In *Bradley* v. *Richmond,* 227 U. S. 477 (57 L. Ed. 603, 33 Sup. Ct. Rep. 318), it is said:

"In order to render the classification illegal, the party assailing it must show that the business discriminated against is precisely the same as that included in the class alleged to be favored."

7–9. Having declared some of the rules of law which we deem applicable, let us now proceed to the question: Does the statute arbitrarily and without reason discriminate against the petitioners herein? There is no merit in the contention that common carriers are granted special privileges or immunities, for in the preceding paragraph of the same act they are required to pay "$4 for each passenger, in addition to the fees prescribed according to the weight of the motor vehicle. * * " Commercial vehicles used exclusively in "selling and/or delivering goods, wares, and merchandise" within five miles of the boundaries of a city are exempted, it may be, for the reason that the streets of municipalities are built and maintained by special assessment funds and not by motor vehicle license fees. Business houses are occasionally obliged to deliver articles of commerce to customers beyond corporate limits, and the legislature in the exercise of its discretion granted to this class the privilege of so using the highways beyond corporate limits within a limited radius. This concession is not unreasonable in view of the fact that our wonderful system of highways could not have been built nor maintained were it not for the thousands of owners of commercial

vehicles whose places of business are in cities and who seldom use the highways, yet pay their just portion of this public burden. "But," say petitioners, "why make it a five-mile limit? Why not ten, twenty or thirty miles?" With like propriety we might ask, "Why did the legislature require a certain license fee for an automobile having a weight of 2,000 pounds? Why not fix the fee on a basis of 3,000 pounds?" Such matters rest within the discretion of the legislature and are not subject to review when their purpose is in keeping with the general legislation of the state in building and maintaining roads. As it is reasonable to require a greater fee for the operation of heavier automobiles because of damages sustained by the roads, it is likewise just and equitable to exact higher fees of owners who are given the right and privilege of operating their motor vehicles over a greater extent of highways. This law makes no distinction among those of the same class. It treats all alike who are similarly situated, and thereby meets the constitutional requirement that all citizens must be given equal protection of the laws: *Keeney* v. *New York, supra.*

10. We can readily appreciate that the classifications which this statute makes will in certain isolated cases cause the payment of a tax disproportionate to the damage resulting to the highways, but the constitutionality of the law must not be so tested. We must consider its general application to the classes affected, and not to certain individuals belonging to such classes. Exact equality is not possible. Practical equality is constitutional equality. The human mind has not yet been able to devise any scheme of taxation which will operate with unerring certainty and equality to all situations that may arise. *South-*

*western Oil Co.* v. *Texas,* 217 U. S. 114 (54 L. Ed. 688, 30 Sup. Ct. Rep. 496, see, also, Rose's U. S. Notes); *Bell's Gap R. R. Co.* v. *Pennsylvania,* 134 U. S. 232 33 L. Ed. 892, 10 Sup. Ct. Rep. 533).

11. Relators complain because the act makes a distinction between the buyer and the seller in the operation of commercial vehicles. Why should it not be so in view of the greater use of the roads by the latter class? We think there is reasonable ground for the distinction. As stated in Cooley on Taxation (4 ed.), Section 280:

"Classification for exemption purposes may be based on the use to which property is devoted."

The state has the power to classify and subclassify in matters of taxation.

12. It is also asserted that there is an illegal classification in exempting the motor vehicle selling and/or delivering farm produce. Much reliance is put upon *Ex parte Faison,* 93 Tex. Cr. App. 403 (248 S. W. 343); *Ex parte Woffard* (Tex. Cr. App.), 248 S. W. 346; *Lossing* v. *Hughes* (Tex. Civ. App.), 244 S. W. 556. In the latter case the court said:

"The statute under consideration imposes upon all private owners and users of motor trucks and tractors, except those who operate them for agricultural purposes, the requirements, burdens, and charges therein provided; only farmers are exempt. They are not required to conform to the registration provisions; they pay none of the registration fees the law imposes; they are exempt from the restrictions as to the maximum carrying capacity of trucks to be used upon public highways; they are not subject to the limitations as to rate of speed at which motor vehicles may be operated. A motor vehicle used for agricultural purposes may be of any size, without limitation, and inflict any damage whatever upon the roads incident to its passage over them, and yet its owner and user

is free from every requirement and restriction the law lays upon all others. It may be driven at any rate of speed so far as this particular law is concerned, but others must conform to the rate the law designates. The commercial motor vehicle, the carrying capacity of which exceeds 8,000 pounds, is excluded from the highways under penalty of the law. · Its owner and driver become law violators and subject themselves to criminal prosecution when they operate upon public highways. The same vehicle may be operated for agricultural purposes at the same time upon any public road with impunity. Surely a law which operates to such effect and contains such discriminations is class legislation.''

The statute of Texas is so radically and materially different from the act under consideration that the authorities cited are not controlling in the instant case. In this state, motor vehicles used for agricultural purposes are subject to all of the general provisions of the motor vehicle laws, but are exempted from payment of the additional tax for the reason, no doubt, that the legislature was of opinion that ''delivery to market of the products of husbandry by the grower and owner thereof'' was merely incidental to farming and that the highways of the state would not be subjected to such a use as would justify a greater license fee.

After careful consideration we are of opinion that the act in question is constitutional and that its classifications have a reasonable basis. The Secretary of State was right in refusing to issue licenses to petitioners for the reason that they failed to include in their tenders the additional tax which the statute requires. It follows that the demurrer to the alternative writ of *mandamus* is sustained and the cause is dismissed.          WRIT DISMISSED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.