### ZIMMERMAN v. CITY OF NEW BRUNSWICK et al. *

District Court, D. New Jersey.

Sept. 21, 1934.

Meyer A. Reubin, of New Brunswick, N. J., for complainant.

John T. Keepe, of New Brunswick, N. J., for Edmund A. Hayes.

FAKE, District Judge.

Paragraph 2 of section 2 of an ordinance of the city of New Brunswick provides as follows: "No application for a license to conduct a barber shop, except in the case of persons now conducting barber shops in the City of New Brunswick, shall be considered unless the applicant therefor shall have been a resident of the County of Middlesex for a period of at least one year immediately preceding the making of such application."

The plaintiff here is by trade a barber, and, pursuant to the provisions of chapter 175 of the Session Laws of New Jersey of 1933 (N. J. St. Annual 1933, § 89—79f(1) et seq.), he was granted a permit by the department of health of the state of New Jersey to practice his trade as a journeyman barber. He leased premises in the city of New Brunswick for the purpose of opening a barbershop therein. At the time he was not a resident of the state of New Jersey, and his application for a permit to open a barbershop in New Brunswick was denied because of his nonresidence.

A question is raised as to whether or not the requirement of residence provided for in the city ordinance is in conflict with the state statute authorizing the licensed barber to practice his trade; but a more important issue arises in the basic question relating to plaintiff's rights under the Constitution of the United States and the police power of the state. Upon the latter this case will be disposed of.

The Home Rule Act of New Jersey, P. L. 1917, p. 357, art. 14, § 2 (Comp. St. Supp. N. J. 1924, § *136—1403) gives a municipality authority to legislate "for the * * * order, protection of persons and property,

* Decree affirmed — F.(2d) —.

and for the preservation of the public health, safety and prosperity of the municipality and its inhabitants * * * as may be necessary to carry into effect the powers and duties conferred and imposed * * * by any law of this State." This section of the act, however, expressly limits the power to legislate by preventing the municipality from enacting ordinances contrary to the laws of the state or of the United States. The plaintiff asserts that the requirement concerning residence is in direct violation of his rights under the Fourteenth Amendment of the Constitution of the United States, in that it discriminates in favor of citizens of Middlesex county as against nonresidents thereof and constitutes an unreasonable restriction against the pursuit of his trade or calling.

It is with reluctance that this court enters into the question of the validity of a city ordinance based upon a state statute when the state courts might have been resorted to for relief, and, were there a decision on the ordinance in question, this court would be constrained to follow it. However, there are decisions in the state courts relating to ordinances of a kindred nature from which we may find the proper rule. Thus we find in Morgan v. City of Orange, 50 N. J. Law, 389, 13 A. 240, the New Jersey Supreme Court held that an ordinance which discriminated against a nonresident applicant for a peddler's license in the amount of the fee was in restraint of trade and constituted an unreasonable discrimination. See, also, Thompson v. Ocean Grove Camp Meeting Ass'n, 55 N. J. Law, 507, 26 A. 798; Jersey City, v. Manheim, 81 N. J. Law, 315, 79 A. 1058; and Commonwealth v. Snyder, 182 Pa. 630, 38 A. 356, 357. In the latter case the court, in dealing with a somewhat similar ordinance, held that: "It is a trade regulation for the protection of the merchants of that county against competition from all who live beyond the county lines. * * * It is so evidently a violation of the constitution of the United States that it is unnecessary to consider any other question." This view as to restrictions bearing upon residence is also followed in the United States District Court for the Western District of New York in Williams v. McCarten, 212 F. 345.

There are, of course, certain occupations which may be regarded as exceptional and to which a public interest attaches, but that the barber or haircutter or owner of a barbershop is in any such class requires an unreasonable stretch of the imagination. The United States Supreme Court in Wolff Packing Co. v. Industrial Court, 262 U. S. 522, 43 S. Ct. 630, 633, 67 L. Ed. 1103, 27 A. L. R. 1280, holds as follows: "It has never been supposed, since the adoption of the Constitution, that the business of the butcher, or the baker, the tailor, the wood chopper, the mining operator, or the miner was clothed with such a public interest that the price of his product or his wages could be fixed by state regulation."

And in the class with the butcher and the baker as to the power to fix prices we may place the barber as to the unreasonableness of an ordinance restricting his residence. See Timmons v. Morris (D. C.) 271 F. 721.

A decree will therefore be entered restraining the defendants in conformity with the prayer of the bill.