(No. 14162.—Reversed and remanded.)

THE CITY OF ELGIN, Appellee, *vs.* JAMES F. WINCHESTER, Appellant.

*Opinion filed December 22, 1921.*

1. MUNICIPAL CORPORATIONS—*when ordinance requiring license for distribution of advertisements is void.* An ordinance which requires the payment of a license fee for the privilege of distributing advertisements within the city is void as discriminating against non-residents where it contains a provision that no license for distributing advertisements of sales shall be required of "citizens of the city" who obtain a permit from the mayor.

2. CONSTITUTIONAL LAW—*an ordinance which discriminates in favor of residents of city is void.* An ordinance which, in imposing a license tax, discriminates in favor of the residents of the city and against non-residents of the same class is unconstitutional.

APPEAL from the City Court of Elgin; the Hon. FRANK E. SHOPEN, Judge, presiding.

ANDREW B. GILFILLAN, and MACLAY HOYNE, for appellant.

PIERCE C. TYRRELL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant was arrested and fined five dollars and costs in a police court of the city of Elgin for the violation of an ordinance prohibiting the distribution of advertisements without first having obtained a license from the city to do so. On appeal to the city court of Elgin a trial *de novo*

was had, and a fine of the same amount was entered against the appellant for violating the ordinance in question. The judge of the city court certified that the public interest required that an appeal be allowed directly to this court, and that the validity of the ordinance involved questions of Federal law as to the applicability of the ordinance to this case and its construction and constitutionality as an alleged interference with interstate commerce, and the case is here for review.

We find no controversy in the briefs or record as to the facts. Section 1 of the ordinance in question reads as follows: "It shall be unlawful for any person to distribute or carry for the purpose of distributing, or to post or to carry for the purpose of displaying the same, any hand-bill or advertisement or advertising material of any kind within the city of Elgin without a license so to do." The city of Elgin is a municipal corporation and is operating under a special charter adopted as provided by law. Appellant is a non-resident and is a citizen of New York in the employ as traveling salesman of the Genesee Pure Food Company, a New York corporation, its factory, principal place of business and all officers being non-resident. That company manufactures Jell-O and Jell-O Ice Cream Powder, which products are sold to Illinois merchants on orders solicited by salesmen, and as an inducement for the sale the company agrees with the merchants purchasing said products to distribute to the various residents of the city in which the sale is being made,—in this case to the residents of Elgin,— pamphlets showing the practical use of the company's products, and it was in pursuance of this understanding that appellant was going from house to house distributing said pamphlets, which were shipped to him from New York for that purpose. It is admitted by all the parties that the products thus sold and advertised comply with the pure food regulations of the United States and Illinois and are whole-

some articles of food and are not harmful or injurious to the health of persons.

In order to procure a license as required by section 1 of the ordinance above quoted, the applicant was required to file an application in writing therefor and furnish a bond of $300, with surety to be approved by the city clerk. Section 3 provided (regardless of the license) against posting, throwing or distributing hand-bills or advertisements in any street or alley or on any sidewalk or upon any doorstep, porch or grass plot. Fees were provided by other sections for distributing hand-bills or posters of different character and for different purposes. The fee provided for the distribution of the pamphlets in question was two dollars per day for each person so employed. Section 13 provided: "No license shall be required hereunder for the purpose of advertising home entertainments or sales by citizens of the city of Elgin if the person desiring the same shall first obtain a permit from the mayor so to do." The penalty for violation of the ordinance was from one dollar to $150.

Appellant contends that the ordinance is discriminatory and therefore void; that it is also void because it interferes with interstate commerce, thereby violating the Federal constitution; that it is not a police regulation but is a clear provision for a tax for revenue purposes on interstate commerce. Appellee contends that it is a proper regulation under the police power and is not invalid as an interference with interstate commerce or otherwise.

In our judgment, under the authorities, the ordinance is void as being discriminatory between residents and non-residents as to the payment of license fees. A citizen of the city may procure a permit without the payment of a license fee and distribute advertisements concerning sales by such citizens. Beyond question the ordinance permits local merchants to advertise by the distribution of circulars or pamphlets. A statute or ordinance which in imposing a license tax discriminates in favor of the residents of a

State or city and against non-residents of the same class is unconstitutional. (*McGraw* v. *Town of Marion,* 98 Ky. 673; *Eales* v. *City of Barbourville,* 177 id. 216; *State of North Carolina* v. *Williams,* 158 N. C. 610; 40 L. R. A. (N. S.) 279, and cases cited in note; *City of Saginaw* v. *Circuit Judge,* 106 Mich. 32; *Clements* v. *Town of Casper,* 4 Wyo. 494; 25 Cyc. 610; 17 R. C. L. 510; 2 Dillon on Mun. Corp. sec. 593, and cases cited in note; 2 McQuillin on Mun. Corp. sec. 739; *Ward* v. *Maryland,* 79 U. S. 418; *Ex parte Thornton,* 12 Fed. 538.) While this court seems never to have had this precise question before it for consideration, its reasoning in cases where similar principles are involved would tend to uphold the conclusions of the decisions above cited from other States. (*City of Carrollton* v. *Bazzette,* 159 Ill. 284; *City of Monmouth* v. *Popel,* 183 id. 634; *Tugman* v. *City of Chicago,* 78 id. 405.) While other cases have been cited by appellee as supporting the validity of the ordinance we do not consider them controlling. By reason and the great weight of authority the conclusion must be reached, in our judgment, that the provision in question under which the fine was entered against appellant renders the ordinance discriminatory and therefore void.

Regardless of whether the ordinance is clearly a police regulation or whether the distribution of the pamphlets is so connected by the company's contracts with local merchants with the business of the company represented by appellant as to constitute interstate commerce and render the ordinance void is a question which, in view of our conclusion as to the discriminatory character of the ordinance, it is unnecessary to decide. Under the authorities cited and for the reasons stated the ordinance must be held invalid.

The judgment of the city court of Elgin will be reversed and the cause remanded.    *Reversed and remanded.*