## CAMPBELL BAKING CO. v. CITY OF HARRISONVILLE, MO., et al.

District Court, W. D. Missouri, W. D. January 4, 1927.

No. 760.

1. **Constitutional law ⬳207(7)—Privileges and immunities provision held not applicable to corporations (Const. art. 4, § 2).**

A corporation cannot invoke the protection of Const. art. 4, § 2, securing to citizens of each state all privileges and immunities of citizens in the several states.

2. **Constitutional law ⬳230(3), 287—Ordinance requiring license of nonresidents doing business in city held unconstitutional, under equal protection and due process clauses (Const. Amend. 14).**

A municipal ordinance requiring all persons, firms, or corporations residing outside the city to pay a license tax for doing the identical business in the city that residents may do without tax is void, as in violation of the Fourteenth Amendment, by taking the property of the persons or corporations so taxed without due process of law and denying them equal protection of the laws.

In Equity. Suit by the Campbell Baking Company against the City of Harrisonville, Mo., and others. On motion by complainant for preliminary injunction. Granted.

John H. Lathrop (of Lathrop, Morrow, Fox & Moore), of Kansas City, Mo., and Ros-

coe E. Harper and Herbert D. Mason (of Mason, Honnold, Carter & Harper), both of Tulsa, Okl., for complainant.

John M. Cleary and Raymond G. Barnett (of Cleary & Barnett), both of Kansas City, Mo., and Allen Glenn, of Harrisonville, Mo., for defendants.

REEVES, District Judge. This is an application for an injunction pendente lite. The bill charges that the complainant is a corporation of the state of Delaware, but has conformed to the laws of Missouri and is engaged in business within the said state. It carries on the business of manufacturing and distributing bakery bread and other bakery products. It claims that it has customers in Kansas City and its environs, including the city of Harrisonville, Mo., where it has heretofore sold and delivered its bread and other bakery products, and that such sales and delivery were accomplished by means of bread trucks, which it owns and operates.

It is further charged that the city of Harrisonville, acting through its duly constituted board of aldermen and under color of the laws of the state of Missouri, on or about the 7th day of June, 1926, enacted an ordinance which required all persons, firms, or corporations "residing outside of the city of Harrisonville, Missouri, and keeping no place of business therein," to take out a license "at the rate of one dollar per day for each and every day such license is taken out." A failure to comply with said ordinance and a sale made in violation thereof was "deemed a misdemeanor punishable by a fine of not less than $10 or more than $100."

Complainant has challenged the constitutionality of said ordinance upon the ground that it is violative of its constitutional rights. It invokes section 2, article 4, of the Constitution of the United States, and section 1 of the Fourteenth Amendment to said Constitution.

[1] 1. Section 2, article 4, of the Constitution of the United States, is inapplicable, for the reason that a corporation cannot claim the protection of those constitutional provisions which are designed to secure the privileges and immunities of citizens of the United States. Selover, Bates & Co. v. Walsh, 226 U. S. 112, loc. cit. 126, 33 S. Ct. 69, 57 L. Ed. 146; Western Turf Association v. Greenberg, 204 U. S. 359, loc. cit. 363, 27 S. Ct. 384, 51 L. Ed. 520; Northwestern Nat. Life Ins. Co. v. Riggs, 203 U. S. 243, loc. cit. 255, 27 S. Ct. 126, 51 L. Ed. 168, 7 Ann. Cas. 1104.

2. Similarly all that portion of section 1 of the Fourteenth Amendment, relating to the privileges and immunities of citizenship, would be inapplicable. The invasion of complainant's constitutional rights, if at all, must be under that provision of section 1 of the Fourteenth Amendment which forbids the deprivation of property under the authority of the state without due process of law or an attempt to deny "to any person within its jurisdiction the equal protection of the laws."

3. It is contended by the complainant that the ordinance and the menace thereof is destructive of its business, and moreover that said ordinance is unfairly discriminatory. Under the rule announced in Pierce v. Society of Sisters, 268 U. S. 510, loc. cit. 535, 45 S. Ct. 571, 69 L. Ed. 1070, 39 A. L. R. 468, the complainant is entitled to claim the protection of section 1 of the Fourteenth Amendment to the Constitution.

[2] 4. The ordinance whose validity is challenged imposes a tax upon persons, firms, or corporations residing outside of the city of Harrisonville for doing the identical thing that a resident might do without being subjected to such tax. The ordinance can have but one purpose, and that is to compel the people of the city, in the interest of local merchants, to buy their necessities from them. Its enforcement would prohibit complainant from doing business within said city, and thus would deprive it of its property, and, moreover, the enforcement of said ordinance would be a gross discrimination in favor of local dealers. The case of Jewell Tea Co. v. Lee's Summit, Mo. (C. C.) 189 F. 280, also (D. C.) 198 F. 532, announces the principle applicable in this case, although the questions there involved may have arisen under another constitutional provision.

In the case of City of Hutchinson v. Beckham (C. C. A.) 118 F. 399, as stated by counsel for defendants, the interstate commerce clause of the Constitution (article 1, § 8) was invoked, but the principle announced may be applied here. The uniform trend of authority, whether by the state or national courts, is to the effect that such ordinances, whether applied locally in intrastate commerce or in interstate commerce, are unfairly discriminatory and violative of that provision of the Fourteenth Amendment to the Constitution which vouchsafes "the equal protection of the laws" and forbids that property shall be taken "without due process of law." State ex rel. Greenwood v. Nolan, 108 Minn. 170, 122 N. W. 255; State v. Mercer, 132 Md. 263, 103 A. 570; Commonwealth v. Snyder, 182 Pa. 630, 38 A. 356; City of Elgin v. Winchester, 300 Ill. 214, 133 N. E. 205, 22 A. L. R. 1481; Havre de Grace v. Johnson, 143 Md. 601, 123

A. 65; Read v. Graham, 102 S. W. 860, 31 Ky. Law Rep. 569.

5. The attention of the court has been called to the case of Singer Sewing Machine Co. v. Brickell, 233 U. S. 304, 34 S. Ct. 493, 58 L. Ed. 974, and many other cases of a kindred nature. The decision of the Brickell Case was justified by the following language:

"But there is an evident *difference*, in the mode of doing business, between the local tradesman and the itinerant dealer, and we are unable to say that the distinction made between them for purposes of taxation is arbitrarily made. In such matters the states necessarily enjoy a wide range of discretion, *and it would require a clear case to justify the courts in striking down a law that is uniformly applicable to all persons pursuing a given occupation, on the ground that persons engaged in other occupations more or less like it ought to be similarly taxed.*"

In this case the court sustained a tax specifically levied upon itinerant vendors of sewing machines, but the question of residence did not enter into the case. It was in its nature an occupation tax, applying uniformly to all persons engaged in that kind of business.

Counsel for defendant has favored the court with extensive citations of authorities and liberal quotations therefrom, and these cases declare the law. For instance, Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 S. Ct. 594, 42 L. Ed. 1037, is cited, and apt quotations called to the attention of the court. Among other things, the court said:

"The rule, therefore, is not a substitute for municipal law; it only prescribes that that law have the attribute of equality of operation, and equality of operation does not mean indiscriminate operation on persons merely as such, but on persons according to their relations. *In some circumstances it may not tax A. more than B.; but, if A. be of a different trade or profession than B., it may.*

In the instant case, A. and B. engaged in the identical business of selling, distributing, and delivering bread in Harrisonville. A., being a resident, would not be subjected to a tax; but B., living outside the corporate limits of the municipality, would be mulcted for taxes, not because his occupation was different, but because he was a nonresident. Clearly, this would be so grossly discriminatory and unfair as to enable the nonresident to invoke the protection of the federal Constitution.

In the very recent case of In re Irish (No. 26668) 122 Kan. 33, 250 P. 1056, decided by the Supreme Court of Kansas, the court had before it the same question as that presented here. This opinion was on a rehearing. The former decision may be found in 121 Kan. 72, 250 P. 1056. In that case the court was dealing with the privileges and immunities of an individual, but such privileges and immunities were invaded by a local law in the same manner that complainant claims its rights are invaded here. The court ruled adversely to the municipality, and cited numerous cases which sustain the proposition "that a license ordinance, discriminating in favor of resident merchants" and against other merchants not resident within the municipality, is in conflict with constitutional provisions.

Whether such conflict is under the commerce clause of the Constitution or otherwise, if such legislation is discriminatory, it must be obnoxious to each and every provision of the Constitution, which seeks to prohibit that identical thing.

The application for an injunction pending the suit will be granted.