**WARD BAKING CO. et al. v. CITY OF FERNANDINA, FLA., et al.**

District Court, S. D. Florida. December 18, 1928.

Stockton, Ulmer & Murchison, of Jacksonville, Fla., and Chamberlin, Kafer, Wilds & Jube, of New York City, for complainants.

Hinton J. Baker, of Fernandina, Fla., for defendants.

GRUBB, District Judge. This hearing is on an application made by complainants for a temporary injunction restraining the enforcement of a municipal ordinance of the city of Fernandina, Fla., the pertinent portion of which reads as follows:

"Section 4. *Amount of License Tax.* The amount of the license tax levied and imposed upon every person, firm, corporation or association that shall engage in or manage any business or occupation hereinafter mentioned within the City of Fernandina, is hereby fixed, graded and determined at the following amounts:

\* \* \* \* \* \* \*

| | |
|---|---|
| Bakeries ......................... | $ 5.00 |
| Bakeries, out of city, delivering wholesale within the city............... | 100.00 |
| Bakeries, out of city, delivering retail within the city............... | 150.00 |
| Bakeries, agents for nonresidents..... | 100.00" |

The complainant Ward Baking Company is alleged to be a New York corporation, licensed to do business in the state of Florida,

and the other complainant, Harold Harrod, is alleged to be a salesman employed by said baking company. The bill of complaint sets forth that Ward Baking Company maintains and operates a bakery in the city of Jacksonville, Fla., and that through its salesmen, the complainant Harrod, sells and delivers its bakery products in the city of Fernandina, Fla., although it has no plant or factory in said city.

Complainants complain that that part of the ordinance above quoted is unconstitutional, in that it discriminates between residents and nonresidents of the city of Fernandina, Fla., by fixing a higher license tax to be paid by nonresidents for engaging in the identical business that residents may engage in upon the payment of a smaller license tax. The complainants have, therefore, refused to pay the license tax of $100 per year fixed for nonresident bakeries delivering wholesale in the city of Fernandina. Sufficient allegations appear in the bill to warrant the interposition of a court of equity, if, as a matter of fact, the ordinance complained of is void.

■ The ordinance plainly discriminates between nonresidents and residents engaged in the same occupation. The classification upon which the difference in tax is based is not according to occupation, but according to residence. Upon well-settled principles the ordinance is void as violating article 4, § 2, of the Federal Constitution, which guarantees to citizens of each state the privileges and immunities of citizens in the several states, and in that it violates the provisions of the Fourteenth Amendment to the Federal Constitution, which prohibits any state from making or enforcing any law which abridges the privileges or immunities of citizens of the United States, and which prohibits the states from depriving any person of liberty or property without due process of law, and from denying any person the equal protection of the laws. Campbell Baking Co. v. City of Harrisonville (D. C. Mo.) 19 F.(2d) 159; Ward v. Maryland, 12 Wall. 418, 20 L. Ed. 449; Bethlehem Motors Corp. v. Flynt, 256 U. S. 421, 41 S. Ct. 571, 65 L. Ed. 1029; McQuillin on Municipal Corporations, vol. 3, § 1001.

■ While the corporation complainant cannot claim the protection of those constitutional provisions which are designed to secure the privileges and immunities of citizens of the United States, yet the individual complainant, Harrod, is entitled to the protection of those provisions, and both the individual complainant and the corporation complainant are entitled to invoke the provisions of the Fourteenth Amendment, forbidding deprivation of property without due process, and which prohibits any state from denying any person within its jurisdiction the equal protection of the laws. Campbell Baking Co. v. City of Harrisonville (D. C.) 19 F. (2d) 159.

■ Section 266 of the Judicial Code (28 USCA § 380), requiring the presence of three judges for the hearing of an application for an interlocutory injunction, does not apply to suits seeking to enjoin the enforcement of municipal ordinances. Ex Parte Collins (1928) 277 U. S. 565, 48 S. Ct. 585, 72 L. Ed. 990; City of Dallas v. Dallas Telephone Co. (C. C. A. 5th) 272 F. 410.