PHILLIPS *v.* SILOAM SPRINGS.

Opinion delivered July 14, 1930.

*W. L. Curtis,* for appellant.

KIRBY, J. This appeal challenges the validity of an ordinance of the city of Siloam Springs requiring all

sellers of bread not resident within the city, and transporting same by vehicle of any kind about the streets to pay an inspection fee of $2.

Appellant was convicted in the municipal court for violation of the ordinance, and, upon appeal to the circuit court upon a hearing upon the agreed statement of facts with a copy of the ordinance attached, was again convicted and from such judgment prosecutes this appeal.

Appellant is a salesman of the Shipley Baking Company engaged in the manufacture and making of bread, cakes and pies in the city of Fayetteville, Washington County, under the supervision and rules of the State Board of Health, County Health Officer of Washington County and the Board of Health of the city of Fayetteville. It transports the products from its plant at Fayetteville among other places in the State to the city of Siloam Springs, Arkansas, for sale there. Its driver, appellant, takes the bread and pastries delivered to him at the bakery at Fayetteville in a closed vehicle or truck to the city of Siloam Springs, and sells and delivers wholesale to its various customers, merchants, restaurants and grocery stores for resale to the ultimate consumers. Pursuing his usual custom on the 10th day of December, 1929, he made sales of goods to merchants and restaurants receiving pay therefor without paying the inspection fee required by the city ordinance or receiving a certificate of inspection as provided in said ordinance 326 of the city of Siloam Springs, approved September 26, 1929. He was convicted in the municipal court and appealed to the circuit court.

The ordinance introduced in evidence No. 326, according to its title provides for the inspection of "* * * bread, pastries, cakes, etc. * * *" and section 1, defines the term "vehicle" to mean wagon, automobile, auto truck and any other vehicle and the words "food or foods" to mean "* * * bread, pastries, cakes, etc. * * *" Section 2 makes it unlawful for any person or corpora-

tion not having an established place of business in the city, without complying with the provisions of the ordinance, to sell or offer for sale in the city of Siloam Springs for use as foods either directly to the consumer or to the retailer and wholesaler for resale any bread, pastries, cakes, "when the same are brought into the city of Siloam Springs and transported upon the streets of said city in a wagon, automobile or other vehicle." Section 3 requires the person bringing into the city and selling over the streets the specified goods or fruits to submit same for inspection to the chairman of the board of health of the city or some member of the board or to some officer designated for the purpose "the vehicle in which said foods are being transported and the foods therein," inspection being made at the city hall, and, if the food is found not suitable or in proper condition to be used as food, it is so certified, and, if he finds no objection upon inspection to the condition of the food and the vehicle, he shall so certify and deliver a certificate in writing to the person in charge of the foods who may sell the same at will. If the officer certifies the vehicle to be in an unfit condition and the foods unfit for human consumption, it is made unlawful to offer same for sale or sell same either directly or indirectly.

Section 4 of the ordinance requires persons bringing food regularly into the city shall submit the vehicle and foods transported for inspection at least once a week, prescribing a charge of $2 for each certificate of inspection to be collected by the inspector and paid into the treasury of the city to the credit of food inspection fund out of which appropriations are made to pay the expenses of the inspector. Sections 5, 6 and 7 make it a misdemeanor to offer for sale any food condemned on inspection, to fail or refuse to submit food or vehicle for inspection as required by the ordinance, and to sell any food without having the same and the vehicle in which same is contained or transported inspected as provided with a fine for offenses not to exceed $25.

Appellant insists that the ordinance is void, being beyond the authority of the city to make, that it is discriminatory and in effect but an unauthorized revenue measure.

Under act 96 of 1913, §§ 5125-5162, C. & M. Digest, a State Board of Health is created and given general supervision and control of all matters pertaining to the health of the citizens of the State. Power is given said State Board to make all necessary and reasonable rules and regulations of a general nature for the protection of the public health "and for the general amelioration of the sanitary and hygenic condition of the State." Such regulations are required to be printed and promulgated and distributed. The board is required to equip and maintain a laboratory for making analysis of foods and drugs for the purpose of enforcing the pure food and drug act. The expenses legally incurred by the board for protecting the people outside of the cities and towns are to be paid for by the counties where incurred, and out of the treasury of the cities and towns in which work is done.

Any one violating the law or any of the orders, rules or regulations made in pursuance thereof is guilty of a misdemeanor punishable by a fine of not less than $10 or more than $100 or by imprisonment, etc. Section 5153, C. & M. Digest, provides for appointment and the qualifications and duties of the county health officers, salaries to be fixed by the county judge and payable out of the county treasury. Section 5154, C. & M. Digest, provides the method of establishing boards of health in cities and towns and the qualifications of members. If a city health officer is not named by the local authorities in the act, then the State Board of Health has the power to appoint one. Section 5159, C. & M. Digest, defines the duties of the city health officer. Section 5160 prescribes the method of compensation. The State Board of Health has prescribed and promulgated rules and regulations, (sections

194-208, rules and regulations of the State Board of Health of Arkansas, promulgated November, 1928, regulating the operation of bakeries). Sections 194 and 208 read as follows: "Every place used as a bakery shall be kept in a clean and sanitary condition as to its floors, sidewalks,. ceilings, woodwork, fixtures, furniture, tools, machinery and utensils."

"All bread offered or intended for sale shall be suitably wrapped, each loaf separately, in paraffin or other clean paper, in such a manner as to completely protect the bread from dust, dirt, flies or any vermin, said wrapping to be done at the shop or plant where said product is made."

The city of Siloam Springs is not given power to require the inspection of bakeries nor the regulation of the sale of their products, all such power being conferred upon the State Board of Health under said act 96 of 1913. It is conceded that the products of the plant or bakery sold or offered for sale by appellant "are produced and manufactured under the supervision and rules of the State Board of Health, the county health officer of Washington County and the Board of Health of the city of Fayetteville," both as to the condition of the plant and the method of wrapping and sealing each separate item of its products and the rules and regulations of the State, and city boards in the manufacturing and handling of its products are at all times fully complied with. Before the beginning of this prosecution the city unsuccessfully attempted to penalize the defendant by collecting from him or his company a tax of the nature of a license or occupation tax. The ordinance complained of only attempts to levy a charge for inspection of breads, cakes and pies transported over the streets of the city for sale in vehicles, wagons or automobiles, and does not prevent the shipping of such products by train, nor does it require an inspection thereof. The products were carried in a closed truck or automobile from the

place of their manufacture under the rules and supervision of the State and city boards of health in the city of the location of the manufacturing plant, wrapped and sealed as required by the regulations of such boards. There could certainly be no further protection to the health of the inhabitants of the city of Siloam Springs, where the bread and cakes were delivered to the purchasers for resale to the public, by another inspection by the city under the provisions of this ordinance, and if such were the case there could be no reason for discrimination against the seller of these products so transported, requiring this second inspection thereof, which is not required of the same kind of products transported and delivered by railroad carriers. Neither is there any good reason for requiring a weekly inspection of the car or vehicle and the products transported which are allowed to be sold and delivered daily. Such provision clearly indicates that it is an arbitrary one, and that necessity does not really exist for the inspection prescribed, since it is required of only one delivery out of seven, and brands it rather as an unrecognized method for raising revenue since the inspection charges would amount to $104 per year at the very least, and appears to be imposed rather as a discrimination against merchants and bakers not living in the city.

Power has been given to the State Board of Health for making all necessary rules and regulations for the protection of the peoples of the counties and cities, the regulations have been made by such boards and appellant's employer having manufactured and sealed its products under the inspection and in accordance with the rules and regulations prescribed by the State and city boards of health in the city of the manufacture of its products could not be required to pay for the inspection for the sale of its products so manufactured in other towns and cities of the State, in the absence of a showing of the necessity therefor and power in such city to prescribe such regulation and require such inspection. All

necessary power having been given to the State Board of Health for the regulation and operation of bakeries in the manufacture and sealing of their products for sale and delivery, any power upon the part of cities and towns of the State to regulate the sale of such products in their limits upon an inspection made and charged for will not be implied as incident to the power granted, and, since none has been expressly granted, none can be held to exist. The city was without power to make such ordinance and charge, and it is void and of no effect.

The judgment is accordingly reversed, and the cause dismissed.