NAFZIGER BAKING COMPANY, a Corporation, and TOM O'GARA v. THE CITY OF SALISBURY, a Municipal Corporation, A. EMMERICH, its Mayor, JOHN FINNELL, its Marshall, and ROY B. MCKITTRICK, its City Attorney, Appellants.—48 S. W. (2d) 563.

Court en Banc, March 15, 1932.

*Roy B. McKittrick* for appellants.

*J. L. Brown, W. W. Graves, Jr.,* and *John C. Grover* for respondents.

WESTHUES, C.—Plaintiffs, respondents, ask in this proceeding to enjoin the defendants, the city of Salisbury, a city of the fourth class, and the officers of said city from enforcing an ordinance. Judgment and decree was, by the trial court, entered for plaintiffs and defendants appeal.

The ordinance in question is as follows:

"SECTION I. License: Any person, firm or corporation engaged in selling or delivering any goods or merchandise of any kind, at wholesale or retail, to any firm, person or corporation in the City of Salisbury, Missouri, shall pay at the rate of $2 per day, or $30 per month, or $125 for six months, or $200 per year; but this Section shall not apply to any person, firm or corporation selling at their regular established place of business. Any person, firm or corporation making any such sale or delivery, without first procuring a license and paying the said sums of $2 per day, or $30 per month, or $125 for six months, or $200 per year, shall be fined in the sum of not less than $25 nor more than $50."

Another ordinance provides a tax of $1.50 to $7.50 per year on the various merchants of the city, as classified in the ordinance. Bakeries are taxed at $4 per year.

The agreed statement of facts submitted to the trial contains the following:

"That the petitioner, Nafziger Baking Company, owns and operates bakeries situated in the cities of Kansas City, Jackson County;

Sedalia, Pettis County; Springfield, Greene County, and the city of St. Louis, all in the State of Missouri, and manufactures in said bakeries cakes, bread and other bakery products; that petitioner, Nafziger Baking Company, sells the bread and other bakery products so manufactured to its customers, who are retail dealers in bakery products, in St. Louis, Springfield, Kansas City and Sedalia, Missouri, and in the surrounding territory, including the smaller towns and cities near Sedalia, and the defendant City, Salisbury, and delivers the bread and bakery products so sold by means of bread trucks, which are its own private conveyances; that it runs a bread truck daily to and from its bakery to the defendant City, a distance of about fifty-five miles, from which it makes delivery to its customers in defendant City. The petitioner, Tom O'Gara, is an agent and employee of petitioner, the Nafziger Baking Company, and was and is at all times hereinafter mentioned the agent of said petitioner, the Nafziger Baking Company, engaged in taking orders and delivering bread and other bakery products to patrons in the defendant city of Salisbury.

"It is further agreed that on the 8th day of November, 1928, petitioner, the Nafziger Baking Company's agent, petitioner Tom O'Gara, while engaged in the business of petitioner Nafziger Baking Company as aforesaid, was arrested upon the complaint of defendant, John Finnell . . . that the prosecution of petitioners as begun and as threatened, and the imposition and enforcement of said fines would prevent petitioners from making any further sales or deliveries in said City, and would completely destroy petitioners' business in said City; that the gross amount of petitioners' sales in said City is approximately $50 per week; that on a sale of $50 per week under the facts in this case the profits to the petitioners would be from $3 to $5 per week. . . .

"That the business of petitioners is conducted by selling and delivering bread to grocers and retailers dealing in bakery products and that petitioners do not sell or deliver bread to the general public.".

The plaintiffs, petitioners, contend that the ordinance in question is unconstitutional and void, in that it violates the Fourteenth Amendment of the Constitution of the United States, by denying plaintiffs, the equal protection of the law and also depriving them of their property without due process of law.

The effect of the ordinance is very apparent. It is intended to and does operate as an advantage to the local merchants, who have an established place of business within the city of Salisbury, over those who have not. It destroys the competition encountered by local merchants with the merchants, as plaintiff, that deliver their merchandise in trucks to their customers within the city. The plaintiffs, as the agreed statement of facts discloses, sell their bakery product

to the local merchants only in wholesale lots. So in this case plaintiff, in order to transact business within defendant's city, must pay $200 per year to the city, while their competitors, within the city pay only four dollars per year. The ordinance is in fact a protective tariff enacted for the benefit of the local merchants. Salisbury being a city of the fourth class has a population of less than three thousand inhabitants. The tax of $200 per year on plaintiffs' business is prohibitive.

Such ordinances, being discriminatory and unjust, have often been condemned as being violative of the provisions of the Constitution above referred to. [17 R. C. L. 513, sec. 34, 37 C. J. 205, sec. 56, and cases cited under notes 66, 67; Campbell Baking Co. v. City of Maryville, 31 Fed. (2d) 466; Louisville Gas & Elec. Co. v. Coleman, 48 Sup. Ct. Rep. 423; City of Elgin v. Winchester, 22 A. L. R. 1481, 300 Ill. 214, 133 N. E. 205; Ward Baking Co. et al. v. City of Fernandina, 29 Fed. (2d) 789; Chalker v. Birmingham & N. W. Ry. Co., 249 U. S. 522; Ideal Tea Co. v. City of Salem, 150 Pac. (Ore.) 852; Phillips v. City of Siloam Springs (Ark.), 30 S. W. (2d) 220; Ex parte Robinson, 230 Pac. (Cal.) 175; Ex parte Irish, 250 Pac. (Cal.) 1056.]

In the Ward case, supra, the facts were similar to those in the present case. The city ordinances provided a tax of $5 on bakeries. Bakeries out of the city delivering wholesale within the city $100. The court in that case said:

"The ordinance plainly discriminates between nonresidents and residents engaged in the same occupation. The classification upon which the difference in tax is based is not according to occupation, but according to residence. Upon well-settled principles the ordinance is void as violating Article 4, Section 2, of the Federal Constitution, which guarantees to citizens of each state the privileges and immunities of citizens in the several states, and in that it violates the provisions of the Fourteenth Amendment to the Federal Constitution, which prohibits any state from making or enforcing any law which abridges the privileges or immunities of citizens of the United States, and which prohibits the states from depriving any person of liberty or property without due process of law, and from denying any person the equal protection of the laws."

So in this case, the effect and intent of the ordinance, while cunningly drawn, is to discriminate between nonresidents and residents engaged in the same occupation. The ordinance is unreasonable, exorbitant, discriminatory, and prohibitive, and therefore void.

Plaintiff has assigned other and additional reasons contending that the ordinance is invalid. The questions considered in the opinion are decisive of the issues and sufficient.

The judgment of the lower court is therefore affirmed.

PER CURIAM:—The foregoing opinion of WESTHUES, C., in Division Two, is adopted as the opinion of the Court en Banc, all of the judges concurring except *Ragland* and *Ellison, JJ.*, who only concur in result.