## CRIPE BAKING CO. v. CITY OF BETHANY, MO., et al.

No. 9500.

Circuit Court of Appeals, Eighth Circuit.

April 3, 1933.

Floyd M. Sprague, of St. Joseph, Mo. (Charles H. Mayer, Roscoe P. Conkling, and Mayer, Conkling & Sprague, all of St. Joseph, Mo., on the brief), for appellant.

C. C. Ross, of Bethany, Mo., for appellees.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

This is an action by appellant to enjoin enforcement of an ordinance of the city of Bethany, Mo. From a decree denying injunction this appeal is brought.

The city of Bethany, Mo., enacted an ordinance, the part here essential being as follows: "Every person, firm, company or corporation engaged in selling or delivering said goods or merchandise of any kind at wholesale or retail, to any firm, person or corporation in the City of Bethany, Missouri, shall pay a license fee at the rate of $2.00 per day, or $30.00 per month or $125.00 per six months or $200.00 per year; provided that this section shall not apply to any person, firm, company or corporation selling at their regular established places of business in the city."

The appellant manufactures bread on a large scale at its plant in St. Joseph, Mo., and sells the product to retailers in adjoining towns, making daily deliveries thereof by truck. It has been serving several customers in the city of Bethany without paying the license fee required by the ordinance. No question is made that it comes within the provisions of the ordinance. The bases of this action are, first, that the ordinance violates the Fourteenth Amendment, and, second, that it was beyond the power of this city, under the state law governing its powers, to enact an ordinance of this character applicable to the kind of business being done by appellant.

We find it unnecessary to discuss the first ground of attack upon the ordinance since the decree must be reversed and an injunction ordered because the second ground, above, is sound.

The city of Bethany is organized as a city of the fourth class under general statutes of the state of Missouri. It has only such powers as are granted to it by the Constitution and statutes of that state. Its powers to levy occupation license taxes are primarily governed by two sections of the Missouri statutes. One of these is section 7287, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 7287), which, in part, provides: "No municipal corporation in this state shall have the power to impose a license tax upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute."

756

The other is section 7046, Revised Statutes 1929 (Mo. St. Ann. § 7046), which is entitled "Power to license, tax and regulate certain businesses and occupations." This section contains an extended enumeration of businesses and occupations which are subject to such taxation.

In the case of Campbell Baking Company v. City of Harrisonville, Missouri, 50 F.(2d) 670, this court had before it an ordinance and a situation like those here involved. In passing upon the point now under consideration here, this court held that, under the wording and judicial construction by the Supreme Court of Missouri, section 7287 denied the exercise of such taxing power unless clearly granted but that, within the enumeration of businesses and occupations in section 7046 as we deemed that section construed by decisions of the Supreme Court of Missouri, the power to levy the character of tax there and here involved was granted under the designation (in the section) of "merchants of all kinds." Judge Van Valkenburgh dissented from the conclusion as to section 7046. Since the Campbell Baking Company decision the Supreme Court of Missouri has decided to the contrary in the recent case of City of Ozark v. Hammond, 49 S.W.(2d) 129. It is our duty to accept and follow the construction thus placed upon this section by the Supreme Court of the state. The obvious result is that the ordinance here involved is invalid as applied to this appellant and, being such, appellant is entitled to injunctive relief against the enforcement thereof as to it.

The decree is reversed with instructions to set aside the decree and enter a decree according a permanent injunction to the enforcement of the ordinance.

VAN VALKENBURGH, Circuit Judge (concurring).

I concur fully in the conclusion reached by Judge Stone that "it was beyond the power of this city, under the state law governing its powers, to enact an ordinance of this character applicable to the kind of business being done by appellant," and that on this ground the decree below must be reversed and an injunction ordered.

Since the decision of this court in the Harrisonville Case, the Missouri courts of last resort have resolved all the issues raised in this and cognate litigation. Ozark v. Hammond (Mo. Sup.) 49 S.W.(2d) 129; City of Lebanon v. Joslyn (Mo. Sup.) 58 S.W.(2d) 289; City of Aurora v. Stafford (Mo. App.)

51 S.W.(2d) 547; Nafziger Baking Co. v. City of Salisbury (Mo. Sup.) 48 S.W.(2d) 563, 564. In order that the matter may be set finally at rest in harmony with the holdings of the Missouri courts, I think it desirable that the first ground of attack upon this ordinance, to wit, that it violates the Fourteenth Amendment to the Federal Constitution should also be considered. Judge Stone has referred to my dissenting opinion in Campbell Baking Co. v. City of Harrisonville, Mo. (C. C. A.) 50 F.(2d) 670. My views are therein fully set forth, and I have no disposition to restate them here.

The Supreme Court of Missouri in banc in Nafziger Baking Co. v. City of Salisbury, supra, held a similar ordinance void because it deprived the baking company of the equal protection of the law in violation of the Fourteenth amendment to the Constitution of the United States. In the opinion it is said: "Such ordinances, being discriminatory and unjust, have often been condemned as being violative of the provisions of the Constitution above referred to." (Citing a long list of cases from many jurisdictions, including the Supreme Court of the United States.)

To the same effect, upon ordinances substantially identical, are Hair v. City of Humboldt, 133 Kan. 67, 299 P. 268, and Grantham v. City of Chickasha, 156 Okl. 56, 9 P.(2d) 747. It may be added that the Harrisonville ordinance has been repealed out of deference to the holding in Nafziger Baking Company v. City of Salisbury, supra. I think the decree in the instant case should be reversed upon this additional ground.