STATE, THOMAS R. MORGAN, PROSECUTOR, v. CITY OF ORANGE.

1. An applicant for hawker's and peddler's license, who is refused unless he will pay an excessive and illegal fee imposed by ordinance, is entitled to a *certiorari* to review it.

2. A license fee expressed to be for the purpose of raising revenue is valid, under the statute approved May 2d, 1885.

3. An ordinance discriminating against a non-resident applicant for such license, by imposing a greater fee on him than on a resident within the city, is unreasonable and void.

---

On *certiorari* to annul an ordinance of the common council of the city of Orange, entitled "An ordinance to license and regulate hawkers and peddlers," passed and approved September 15th, 1887.

Argued at November Term, 1887, before Justices SCUDDER and PARKER.

For the prosecutor, *Edgar F. Randolph* and *W. Brinkerhoff.*

For the defendant, *Charles F. Lighthipe.*

The opinion of the court was delivered by

SCUDDER, J. The charter of this city, approved March 27th, 1871 (*Pamph. L., p.* 217, § 15), gives the common council the power, among other things, to pass ordinances to license and regulate hawkers, peddlers, &c. The prosecutor, a citizen of West Orange, objects to this ordinance for several reasons, formally assigned. Before considering them it will be necessary to decide a preliminary motion to dismiss the writ, because the prosecutor has no standing in court, not being a citizen of Orange nor in any way affected by the ordinance. The affidavits taken show that he has for several years followed the business of hawking and peddling for a livelihood, and in conducting said business traveled with a horse and wagon through the city of Orange and other adjoining places, prior to the passage of this ordinance. After the ordinance was in force he applied to the collector of taxes, to whom the license fee was required to be paid, and offered him the sum of $10 for a license, but was told that being not an actual resident of the city of Orange he must pay a fee of $25 before license would be granted. He declined to pay that sum on legal ground, hereinafter considered, and since that time has ceased to peddle in the city of Orange, at a loss to him in business, as he estimates it, of $250. He has not been convicted and subjected to any penalty or punishment for violating this ordinance, but has suffered from the interruption of his business and consequent pecuniary loss and damage peculiar to himself, by its enforcement in the refusal to license him ; hence he is, by the authority of cases in our court, entitled to the writ. *State* v. *Paterson,* 5 *Vroom* 163 ; *State* v. *Jersey City, Id.* 390 ; *Staats* v. *Washington,* 15 *Vroom* 605 ; *State* v. *Trenton,* 7 *Vroom* 79.

The special objection is made to section 2 of the ordinance, which, among other things, ordains that " for each hawker or peddler who is not an actual resident of said city, $25 [license fee] for each cart or wagon so employed or used ; " while in the former part of the section $10 license fee is charged to an actual resident of the city ; and it is further ordained in the

last clause of this section, that " the fees for said licenses may be imposed for the purpose of revenue."

The statute approved May 2d, 1885 (*Pamph. L., p.* 317), has changed the law by enacting " that the fees for such licenses may be imposed for revenue." This includes hawker's and peddler's licenses in cities, and authorizes the passage of ordinances imposing such fees for revenue. The ordinance in question was passed September 15th, 1887, after this law went into effect, and is therefore a legal exercise of the authority given by the statute. Prior to this act, the power to grant and regulate such licenses was regarded as a police power, which could not be used for the purpose of raising revenue. *North Hudson County R. R. Co.* v. *Hoboken,* 12 *Vroom* 71; *Clark* v. *New Brunswick,* 14 *Vroom* 175, and cases cited therein.

Another objection to this section (2) is that it makes an illegal discrimination against a non-resident applicant for license by imposing a fee of $25 instead of $10, which is charged for a resident's fee.

This subject was treated in *Muhlenbrinck* v. *Long Branch Commissioners,* 13 *Vroom* 364, and it was held that such distinctions between inhabitants of our state, based upon no other ground than the place of actual residence, are in restraint of trade, invidious, unjust and illegal. Ordinances passed in the exercise of a police power to control the sale of articles within a town or city, or in other matters, must be reasonable; and it belongs to this court to determine what are reasonable regulations within the power granted by charter. *Kip* v. *Paterson,* 2 *Dutcher* 298; *Del., L. & W. R. R. Co.* v. *East Orange,* 12 *Vroom* 127.

So much of this section (2) as imposes the tax of $25 on non-resident applicants for license as hawkers and peddlers will be set aside as illegal and void.

Costs will be allowed to the prosecutor.