ANTHONY KOSICH, PROSECUTOR, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF DOVER, IN THE COUNTY OF OCEAN, AND WILLIAM R. LEARY, DEFENDANTS.

Submitted October 13, 1933—Decided January 25, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Minturn & Weinberger*.

For the defendants, *Russell G. Conover*.

The opinion of the court was delivered by

CASE, J.   The writ brings up an ordinance of the township of Dover and a conviction of the prosecutor upon a charge of violating the first section thereof in that prosecutor "did make an alteration of an existing out-building in said township of Dover, increasing the outside dimensions to the value of $50, without having previously obtained a permit for that purpose."

Section 1 of the ordinance is as follows:

"No person, firm or corporation, shall hereafter erect or cause to be erected, upon any lands in the township of Dover in the county of Ocean, any new dwelling house, store, garage, out-building, building or structure, affixed to the land or make any alteration thereof to increase the outside dimensions of any existing dwelling house, store, garage, out-building, building or structure affixed to the land, to the value of Fifty Dollars or more, unless such person, firm or corporation, shall have previously obtained a permit for that purpose as hereinafter provided."

The second section makes like provision as to the making of repairs or alterations where the same reach "to the value of five hundred dollars or more" without increasing the outside dimensions of the structure.   Section 3 provides for the

issuing of permits by the township committee and requires that the applications for the permits shall set forth the location of the proposed work, the name of the owner of the land, a general description of the proposed work, the estimated cost thereof, and the name of the general contractor or builder. The fourth section sets up a penalty, for violation, of not more than two hundred dollars or imprisonment for not more than sixty days.

The subject-matter of the proceeding is a small garage which was moved forward from the rear of a lot to a position in line with neighboring buildings facing on the street, there to be altered into a shop. At the time of the alleged offense the ordinance in question was the only ordinance of the defendant municipality having to do with the moving, alteration or construction of buildings. There was no zoning ordinance. So far as appears the township had no ordinance controlling or relating to fire conditions or hazards. The ordinance under review is not itself regulatory, and it is not related to any other regulatory ordinance. No argument or fact is adduced before us indicating that the ordinance affects either the peace, security, health, morals or general welfare of the community, or that it will lend efficacy to any other ordinance affecting these public interests. The information required as a preliminary to the granting of the permit leads nowhere and avails nothing. The prosecutor had, indeed, made application for a permit, but the township committee, while not in words refusing to grant, "set over" action thereon; with the result that the prosecutor, having thereafter proceeded with the work involving approximately $50, ultimately found himself under a sixty-day jail sentence. The defendants cite no authority of statute or decision upon which the ordinance may rest and suggest no purpose that it was intended to, does or may serve. It is not claimed that the ordinance is, or may legally be, a revenue producing measure.

A municipal corporation has no power except such as is given to it by the legislature (*Meday* v. *Rutherford*, 65 *N. J. L.* 645; *Atlantic Coast Electric Railway Co.* v. *Public Utility Board*, 92 *Id.* 168; *McAneny* v. *Board of Estimate, &c.*, 232

*N. Y.* 377; 134 *N. E. Rep.* 187; *Attorney-General* v. *Lowell,* 246 *Mass.* 312; 141 *N. E. Rep.* 45), and should keep within its statutory limits. *Carron* v. *Martin,* 26 *N. J. L.* 594, 600; *Breninger* v. *Belvidere,* 44 *Id.* 350.

In searching for legislative authorization we have examined the Home Rule act (An act concerning municipalities, *Pamph. L.* 1917, *ch.* 152), particularly article 14, paragraph (n), *et seq.,* and the Township act (An act concerning townships, Revision of 1899, *Pamph. L.* 1899, *p.* 372; *Pamph. L.* 1915, *ch.* 171). These statutes give broad authority for the passage of ordinances regulatory of the method and the manner of erecting structures and parts thereof, materials to be used therein, and the like; but the ordinance does not regulate. The question presented is whether a township committee, without in any way restricting or regulating the location, use, size, design, facilities, materials or method of construction, or the alteration or repair, of a building, and without any disclosed public purpose to be served, may require the owner of property to obtain a municipal permit before he shall increase the dimensions of an existing building and subject him to the payment of a fine or to imprisonment if he shall proceed without such permit. We find no statute that expressly or impliedly gives that power. Clearly, if the ordinance be intended as prohibition against the right of an owner of property to make lawful use thereof, it is void. If the purpose is to enable the township committee to make check against due compliance, by the owner or the building contractor, with regulations and limitations then those regulations and limitations must have existence and should be shown. We conclude that the passage of the ordinance was an unauthorized act on the part of the township committee and that it may not sustain the conviction of the prosecutor.

The judgment of conviction and sentence will be set aside, with costs.