TOWN OF WESTFIELD, PROSECUTOR, v. ALFRED A. STEIN, JUDGE, ETC., AND STEPHEN CARMICHAEL, DEFENDANTS.

Submitted January 27, 1933—Decided May 15, 1934.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Paul Q. Oliver*.

For the defendant Carmichael, *Jacob S. Karkus*.

The opinion of the court was delivered by

PARKER, J. Under this writ we are asked to review the adjudication of Judge Stein, sitting as a special statutory tribunal, wherein he directed that the conviction of defendant Carmichael for violation of an ordinance of the town of Westfield be set aside and for nothing holden. There are several acts providing for such review, but it is sufficient to cite the act of 1908 (*Pamph. L., p.* 442) reprinted in *Comp. Stat.* (at *p.* 1868), as *pl.* 145 b. The last sentence of this statute contemplates "the discharge of the person so convicted from custody;" but in *Minochian* v. *Paterson,* 106 *N. J. L.* 436, it was held by the Court of Errors and Appeals that the operation of the act is not limited to cases in which the party is in custody. In fact, at the date of the applica-

tion to Judge Stein, Carmichael was not in custody. The complaint was sworn out on June 19th, 1932, warrant issued the same day, arraignment also on the same day, and hearing had on June 20th at seventy-thirty P. M. At the conclusion of the hearing there was a conviction, imposition of a fine of $10, and in default of payment, imprisonment for ten days. "The fine not being paid," says the return, "the defendant Stephen Carmichael was on the 21st day of June, 1932, committed to the county jail of the county of Union for a period of ten days." The record of conviction is of like purport. The petition for summary review, sworn to July 5th, 1932, avers (and it is not denied) that petitioner "in default of the payment of said fine was incarcerated in the county jail of said county of Union for a period of ten days." The order to send up the proceedings is dated July 6th. It is therefore plain that when the application for summary review was made, Carmichael had served his sentence, and could gain nothing but the moral victory of a vindication of his right to do what the ordinance forbade, there being no suggestion of any legal fault in the procedure. His attack was on the legality of the ordinance itself, and in this he was successful before Judge Stein, who in his order recited that the ordinance appeared to be "unreasonable, discriminatory and unconstitutional."

The municipality by this writ of *certiorari* now attacks this adjudication of Judge Stein. What it can gain by such an attack, even if it be successful, is not plain to us. As to Carmichael, the only party really interested, the ordinance was enforced, prosecution made thereunder, conviction had, penalty imposed, and sentence served. It may well be asked what object Carmichael could legally attain by the summary review. If he had paid his fine under protest, brought *certiorari* and obtained a judgment that he be "restored in all things wherein he hath lost," he might perhaps have had his money back by writ of restitution. *Bess. L. Prec.* 196, 198; *Sharp* v. *Moore, Penn.* *966; *McChesney* v. *Rogers,* 8 *N. J. L.* 179; *Scott* v. *Conover,* 10 *Id.* 61; *Quigley* v. *Middleton, Ibid.* 293: though probably not by action at law. *D'Aloia*

v. *Summit,* 89 *Id.* 154, 711. But it would seem that one who serves time in jail under sentence unchallenged until after the sentence has expired, is in no position to review it. He is then not actually or constructively in custody. See 17 *C. J.* 47. This question, however, was not raised in the summary proceeding, and is not before us except so far as germane to the inquiry whether there is anything that the town may now gain by a review. We think the question has become, for purposes of the present litigation, a moot one, and that the writ should be dismissed for that reason. There are several decisions to this effect. *Freeholders of Union* v. *Freeholders of Essex,* 43 *N. J. L.* 391; *Terhune* v. *Midland Railroad Co.,* 36 *N. J. Eq.* 318; *Camden and Atlantic Railroad Co.* v. *Elkins,* 37 *Id.* 273; *Gloucester* v. *Greene,* 45 *Id.* 747; *Hackensack Trust Co.* v. *Vanden Berg,* 92 *N. J. L.* 412; *McCann* v. *New York, Susquehanna and Western Railroad Co.,* 101 *Id.* 56; *In re Braunstein,* 105 *N. J. Eq.* 682; *Nemm* v. *Brandle,* 114 *Id.* 334.

It may not be out of place to remark in passing that on the merits of the validity of the ordinance, the decision of Judge Stein seems supported by excellent authority in this state. The ordinance provides that "no person not a resident of the town of Westfield shall canvass," &c., without a written permit from the police department. Cases dealing with such discriminatory regulation are: *Muhlenbrinck* v. *Long Branch Commissioners et al.,* 42 *N. J. L.* 364; *Morgan* v. *Orange,* 50 *Id.* 389; *Hewson* v. *Englewood,* 55 *Id.* 522; *Kellam* v. *Newark,* 79 *Id.* 364; *Jersey City* v. *Chasan,* 81 *Id.* 315; *Siciliano* v. *Township of Neptune,* 83 *Id.* 158; *Haddon Heights* v. *Hunt,* 90 *Id.* 35; *affirmed,* 91 *Id.* 696; *North Wildwood* v. *Coney,* 100 *Id.* 38.

The writ will be dismissed, with costs.