## TOWN OF NUTLEY, COMPLAINANT, v. OSCAR BRANDT, DEFENDANT.

Decided August 30, 1934.

Before Case, Justice, sitting alone pursuant to the statute.

For the complainant, *Edwin J. C. Joerg.*

For the defendants, *Jacob S. Karkus.*

Case, J. There are nine convictions by the recorder of the town of Nutley presented for review. Each concerns a different defendant, but all turn upon the same questions. An ordinance of the town of Nutley provides that "no person, not a resident of the town of Nutley, shall * * * distribute cir-

culars or other matter * * * from house to house * * * without first having received a permit from the police department of the town of Nutley * * *." The ordinance further requires the payment of a fee of one dollar per day to be "deposited" daily and furnishing of fingerprints and photographs in duplicate, of which one set is to be fastened to the permit. Each defendant was separately charged with and convicted of a violation of the ordinance in that he or she, not being a resident of the town of Nutley, distributed circulars and other printed matter without a permit in violation of the ordinance. The evidence disclosed that the defendants were distributing religious tracts from house to house.

The defendants contend that the ordinance is invalid in that it makes an illegal discrimination against non-residents of the town of Nutley.

An ordinance with like provisions was before the Supreme Court in *Town of Westfield* v. *Stein,* 113 *N. J. L.* 1; 172 *Atl. Rep.* 522. In that case the Common Pleas judge of the county of Union, sitting as a special statutory tribunal, had set aside the conviction. On *certiorari,* prosecuted by the municipal authorities, the Supreme Court determined that inasmuch as the sentence under the conviction had been served the questions, so far as the municipality was concerned, were moot and dismissed the writ. But Mr. Justice Parker, writer of the opinion, closed with this observation:

"It may not be out of place to remark in passing that on the merits of the validity of the ordinance, the decision of Judge Stein seems supported by excellent authority in this state. The ordinance provides that 'no person not a resident of the town of Westfield shall canvass,' &c., without a written permit from the police department. Cases dealing with such discriminatory regulation are: *Muhlenbrinck* v. *Long Branch Commissioners et al.,* 42 *N. J. L.* 364; *Morgan* v. *Orange,* 50 *Id.* 389; *Hewson* v. *Englewood,* 55 *Id.* 522; *Kellam* v. *Newark,* 79 *Id.* 364; *Jersey City* v. *Chasan,* 81 *Id.* 315; *Siciliano* v. *Township of Neptune,* 83 *Id.* 158; *Haddon Heights* v. *Hunt,* 90 *Id.* 35; *affirmed,* 91 *Id.* 696; *North Wildwood* v. *Coney,* 100 *Id.* 38."

Had that judicial statement been made as a holding, it would have been dispositive of the present case. Even as *obiter* it points, I think, in the direction of sound law.

The town presents contrariwise:

First, that our cases on the subject are directed against a discriminatory use of the taxing power whereas the present ordinance is an exercise of the police power. That, as an analysis of our decisions, is not altogether accurate, as witness *Morgan* v. *Orange*, 50 *N. J. L.* 389; 13 *Atl. Rep.* 240: "* * * distinctions between inhabitants of our state, based upon no other ground than the place of actual residence, are in restraint of trade, invidious, unjust and illegal. Ordinances passed in the exercise of a *police power* to control the sale of articles within a town or city, *or in other matters,* must be reasonable * * *." (Italics mine.) Also *Jersey City* v. *Chasun*, 81 *N. J. L.* 315; 79 *Atl. Rep.* 1058, wherein the Supreme Court reviewed an ordinance allowing residents of three months' standing to do by license what others might do only by permit, and Mr. Justice Bergen, writing the opinion, said, "I also think the ordinance is void because of its discrimination between residents and non-residents."

Second, that to deny validity to the ordinance would be to "open the way for sneak thieves and second-story men, who are unknown to the Nutley police, to obtain the very knowledge requisite to ply their nefarious trade successfully," which really, it seems to me, begs the question. Because we may not assume that any populous center is without those who, given opportunity, would violate the law, and, further, the police in any such community can scarcely have a complete knowledge of the impulses of all the residents or, having such knowledge, have the means to render impotent the desires or weaknesses of those who incline towards wrongdoing, particularly since an evil-doer from without may easily and quickly become a resident.

I am of the opinion that the defendants' point is well made. It is unnecessary to discuss the remaining matters presented by the defendants.

All of the convictions and the proceedings upon which they are based will be set aside, with costs.