JOHN EARRUSSO AND MARY EARRUSSO, PROSECUTORS, v. TOWNSHIP OF EAST HANOVER, A MUNICIPAL CORPORATION IN THE COUNTY OF MORRIS, AND STATE OF NEW JERSEY, RESPONDENT.

Submitted October term, 1935—Decided January 27, 1936.

Before Justices Case and Bodine.

For the prosecutors, *Thomas Brunetto*.

For the respondent, *Harry Amsterdam* and *Abraham M. Herman*.

The opinion of the court was delivered by

CASE, J. Prosecutors, by writ of *certiorari,* challenge the legality of an ordinance adopted in 1931 by the township committee of the township of East Hanover. The ordinance prohibits the dumping, depositing or placing in the township of East Hanover of any garbage collected outside of that township and provides a penalty for violation.

Prosecutors own a tract of isolated farm and swamp land whereon they conduct a piggery. To those premises the prosecutors have for many years—antedating the passage of the ordinance—carted refuse, ashes and garbage. In 1934 they contracted with the town of Morristown for the collection of garbage in that town and since then they have brought that garbage to their farm property in East Hanover township, primarily as food for their pigs but using the excess as fertilizer. Charges of violation have been made against an employe of the prosecutors and now, for the first time as we are told, against the prosecutors themselves, and the present writ is doubtless to test the ordinance as against those prosecutions. Under the circumstances we find no *laches.*

Prosecutors first contend that the township had no statutory authority to pass the municipal enactment. We know of no such authority and none is brought to our attention.

Respondent cites the Home Rule act, chapter 152 (*Pamph. L.* 1917, *art.* XXIII, § 1; *Cum. Supp. Comp. Stat.* 1911-1924, § *136-2301, *p.* 2243), which by its terms gives the governing body of a municipality power to provide for the cleaning of streets of the municipality and for the collection, removal and disposal of ashes, garbage and other refuse; but that is clearly aimed at something different. Respondent further cites section 7 of the same article (*Cum. Supp. Comp. Stat.* 1911-1924, § *136-2307, *p.* 2244), which, in giving a municipality power to procure by purchase, condemnation or lease, unimproved lowland for the disposal of indestructible waste, directs that no such acquisition may be had outside the corporate limits without the consent of the governing body and of the board of health of the municipality in which the land is situated; and that, too, is quite another matter.

Respondent's argument proceeds upon the assumption that garbage is in and of itself a nuisance and a menace to the public health, and that because that is so the township committee has plenary power thereover by ordinance. This is summarized in its assertion that "it is almost elementary that under the police power the township committee would have the right to adopt any ordinance to protect the health and public welfare of its inhabitants." The police power is inherent in the sovereignty. Municipalities have no legislative power except as it is granted to them. *Atlantic Coast, &c., Co.* v. *Public Utility Board,* 92 *N. J. L.* 168; 104 *Atl. Rep.* 218; *Kosich* v. *Dover Township,* 112 *N. J. L.* 281; 170 *Atl. Rep.* 248. True as to all municipalities this is of course true as to the township, an elementary form of municipal government. Ordinance powers over matters therein pertaining to health are ordinarily conferred upon the local board of health, Board of Health act, section 12 (2 *Comp. Stat., p.* 2663, amended *Cum. Supp. Comp. Stat.* 1925-1930, § 89-12, *p.* 806); *e. g.,* the regulation, control and prohibition of the keeping of animals (subdivision IV) including pigs (*Wogish* v. *Board of Health, &c., Moonachie,* 114 *N. J. L.* 261; 176 *Atl. Rep.* 602), the regulation, control and prohibition of the accumulation of offal and all decaying matter (subdivision V) and the prohibition and removal of nuisances (subdivision VI). It does not follow that because the presence of garbage may be harmful to health the township committee may legislate thereon.

No authority having been shown for the exercise by the township committee of legislative powers over the subject-matter, we conclude that the ordinance is void.

It is unnecessary to consider the remaining points.

The ordinance will be set aside, with costs.