7 N.J. Super. 259 (1950)
72 A.2d 884
TOWNSHIP OF DOVER, A MUNICIPAL CORPORATION, IN THE COUNTY OF OCEAN AND STATE OF NEW JERSEY, AND BOARD OF HEALTH OF THE TOWNSHIP OF DOVER IN THE COUNTY OF OCEAN, PLAINTIFFS-RESPONDENTS,
v.
OAKLEY WITT AND JOHN M. BRACY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1950.
Decided April 27, 1950.
*260 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Howard Ewart argued the cause for the appellants (Messrs. Ewart, Bennett & Sutton, attorneys).
Mr. Edward W. Haines argued the cause for the respondents.
*261 The opinion of the court was delivered by JACOBS, S.J.A.D.
The appeals herein were taken to this Court by the appellants from judgments of conviction entered against them in the Municipal Court of Dover Township.
In 1948 the Board of Health of the Township of Dover adopted an ordinance which designated, in Section 1, a specified area as the "public dumping area for residents of this Township" and prohibited, in Section 2, the maintenance of any other dumping area or the dumping of garbage and similar waste material elsewhere within the township limits. In Section 3 the ordinance declared that the use or maintenance of any area, other than the public dumping area, for the dumping or accumulating of garbage was a detriment to the public health and a nuisance. An ordinance adopted by the governing body of the Township contained provisions of like nature. While these ordinances were in effect and in violation of their terms, garbage was dumped by the defendant John M. Bracy, an employee of the Borough of Seaside Heights, in the gravel pit on premises located within the Township and owned by the defendant Oakley Witt. This dumping was pursuant to a contract between Witt and the Borough of Seaside Heights. The appellants do not question the propriety of separate ordinances by the Township and the Board of Health (Nicoulin v. Lowery, 49 N.J.L. 391, 393 (Sup. Ct. 1887)); they do, however, contend that the restrictions embodied in the ordinances are unreasonable and discriminate improperly against non-residents of Dover Township.
It is recognized that stringent control over the disposition of garbage "is indispensable to the public health, safety and comfort." Earruso v. Board of Health, East Hanover Township, 120 N.J.L. 463, 469 (Sup. Ct. 1938). Ample power to deal with the problem has been granted to municipal boards of health and governing bodies. R.S. 26:3-31, R.S. 40:48-2, R.S. 40:66-1. See Atlantic City v. Abbott, 73 N.J.L. 281, 282 (Sup. Ct. 1906); Board of Health, Weehawken, v. New York Central Railroad Company, 4 N.J. 293 (1950). But cf. Earrusso v. East Hanover Township, *262 14 N.J. Misc. 96, 98 (Sup. Ct. 1936). In determining the manner of control the municipal officials have wide latitude and their pertinent ordinances, being entitled to the customary presumption of legislative validity (Salisbury v. Ridgefield, 137 N.J.L. 515, 518 (Sup. Ct. 1948)), will not be upset unless "palpably unreasonable." Amodio v. Board of Commissioners of West New York, 133 N.J.L. 220, 225 (Sup. Ct. 1945).
In the light of the foregoing principles we find no infirmities in the municipal action confining the dumping of garbage within the Township's limits to the officially designated and controlled dumping area. As a result of this action the appropriate township officials were enabled to discharge fully their responsibility of insuring proper health precautions. In contrast, if private dumps were permitted to continue in the Township, effective municipal control would be reduced and increased dangers of impairment of the public health, safety and comfort would be manifest. We are satisfied that the restrictions embodied in the ordinances against dumping elsewhere than in the public dumping area are valid on their face and that no showing of unreasonableness in their application to the appellants has been made. See Ex Parte Casinello, 62 Cal. 538 (Sup. Ct. 1881); City of Rochester v. Collins, 12 Barb. (N.Y.) 559 (Sup. Ct. 1850); 37 Am. Juris., § 299, p. 947. Cf. California Reduction Co. v. Sanitary Reduction Works, 199 U.S. 306, 50 L.Ed. 204 (1905); Consumers Co. v. City of Chicago, 313 Ill. 408, 145 N.E. 114 (Sup. Ct. 1924).
The appellants contend that the ordinances discriminate improperly against non-residents of Dover Township, citing Morgan v. City of Orange, 50 N.J.L. 389 (Sup. Ct. 1888), and Town of Nutley v. Brandt, 12 N.J. Misc. 670 (Sup. Ct. 1934). The cited cases are in no wise applicable since they dealt with municipal restrictions on peddling and the distribution of circulars which were sought to be applied discriminately against non-residents. The Township's restrictions against private dumps apply equally to residents and non-residents. *263 We are not concerned, in the present proceeding, with any issue as to whether the public dumping area may be restricted to residents as apparently contemplated by Section 1 of the ordinances; in any event, nothing has been presented to suggest that the Township may be under obligation to open its public dumping area to other communities or their residents.
We have concluded that the judgments of conviction were properly entered against the appellants in the Municipal Court. However, it should be noted that under State v. Yaccarino, 3 N.J. 291 (1949), their appeals should have been taken, in the first instance, to the County Court rather than to this Court. Cf. Board of Health, Weehawken, v. New York Central Railroad Company, supra.
Affirmed.